*Franklin County*
*Hon. Archer E. Reilly, P.J., Hon. Donna Bowman, Hon. Peggy L. Bryant,*
*Hon. John W. McCormac, Hon. Dean Strausbaugh, Hon. Alba L. Whiteside,*
*Hon. John C. Young*

**State v. Carpenter**
*[Cite as 4 AOA 375]*

*Case No. 89AP-1446*
*Franklin County, (10th)*
*Decided June 7, 1990*

*Mr. Michael Miller, Prosecuting Attorney, and Mr. Alan C. Travis, for Appellant.*

*Mr. James Kura, Public Defender, Ms. Carole B. Schneider and Mr. John W. Keeling, for Appellee.*

RADCLIFFE, J.

The state of Ohio appeals from a final judgment rendered by the common pleas court dismissing an indictment for murder against defendant.

Defendant, Jeffrey Carpenter, was indicted in October 1984, on one count of felonious assault for a stabbing which took place on September 6, 1984. Carpenter pled guilty to the lesser-included offense of attempted felonious assault in January 1985 and was sentenced to a term of two to ten years. While Carpenter was so incarcerated, the victim died on March 28, 1986 as a result of the stabbing committed by Carpenter. Carpenter was released from prison in November 1987.

Subsequently, on January 28, 1988, defendant was indicted on one count of murder for the death of the stabbing victim. Defendant, on August 10, 1988, sought and received a dismissal of the indictment on the basis of double jeopardy. This court reversed. *State v. Carpenter* (March 14, 1989) Franklin App. No. 88AP-860, unreported (1989 Opinions 573). Upon remand, defendant filed a motion to dismiss the indictment on November 7, 1989 alleging that the state's delay in seeking an indictment for murder denied defendant due process of law under both the Ohio and federal constitutions. The matter was heard on November 13, 1989, at the conclusion of which, the trial court dismissed the murder indictment finding that defendant had been prejudiced by the twenty-two month delay in seeking an indictment for murder. The matter was reduced to judgment on November 21, 1989, and the state now brings this appeal asserting the following single assignments of error:

"Where a criminal prosecution is commenced within the applicable statute of limitations, an accused claiming denial of due process by delay between the offense and arrest or indictment bears the burden to establish that such delay caused him actual substantial prejudice and that the delay was motivated by the state's desire to gain unfair advantage at trial or to harass the accused."

Essentially, the state contends on appeal that the trial court erred in dismissing the murder indictment since defendant failed to demonstrate actual prejudice as a result of the delay in seeking the indictment. The state concedes it offered no evidence to justify the delay, but asserts only that defendant's failure to demonstrate actual prejudice as a result of the delay renders the dismissal erroneous as a matter of law. We agree and reverse.

Pre-indictment delay by the state in seeking an indictment for alleged criminal conduct can constitute a violation of the accused's right to due process. To constitute such denial, under either the Ohio or United States Constitutions, there must be evidence that the delay in seeking the indictment was both prejudicial and unjustified. *United States v. Lovasco* (1977), 431 U.S. 783, and *State*

v. *Luck* (1984), 15 Ohio St. 3d 150, certiorari denied (1985), 470 U.S. 1084. See, also, *State* v. *Ross* (1982), 6 Ohio App. 3d 25, 27-28. The protection afforded against the pre-indictment delay offered by the due process clause protects against prejudice the accused will actually suffer *at trial*. *Luck, supra*, at 154. Actual prejudice, although not sufficient by itself, is *necessary* to demonstrate a due process violation. *Lovasco, supra*, at 789-790.

In this case, defendant asserted, before the common pleas court in his motion to dismiss and upon oral argument before that court, that he was actually prejudiced by the delay because of the period of incarceration which he had already served. This claim was supported by evidence of the original indictment for felonious assault, defendant's subsequent plea to attempted felonious assault, the coroner's report of March 28, 1986 stating the victim's death was a result of the stabbing, and the January 1988 indictment charging defendant with murder.

This evidence, however, establishes only that the state failed to indict defendant in a timely manner. Standing alone, it does not indicate that the delay will result in actual prejudice to defendant at trial. There is no indication in the record before us that defendant will actually suffer the sort of prejudice required to constitute a denial of due process by pre-indictment delay. There is no evidence that any defense witnesses became unavailable during the twenty-two month delay in seeking the indictment; that the delay has resulted in the fading of memories or changes in appearance; or that evidence has been lost as a result of the delay. Cf. *Luck, supra*, at 154. Rather, the sole evidence before this court indicates only that defendant remained incarcerated during the period in which the state delayed in seeking an indictment. The mere fact of incarceration alone is not evidence that defendant will be unable to mount a defense to the murder charge at trial. See *e.g., United States* v. *Bartlett* (C.A.8, 1986), 794 F.2d 1285, 1290, certiorari denied (1986), 479 U.S. 934. While incarceration may under some circumstances result in actual prejudice to a defendant at trial, there is simply no evidence in the record to support such a finding in this case.

Defendant also suggests that this court should affirm the dismissal of the indictment for reasons which were neither considered nor passed upon by the common pleas court. The essence of defendant's alternative arguments focuses on the preclusive nature of his prior guilty plea to attempted felonious assault. Defendant asserts this plea as a bar to further prosecution for murder.

This argument, however, is premised upon factual matters which are not apparent on the face of the record. Accordingly, since this issue was neither raised nor passed upon in the common pleas court, this court expresses no opinion as to the merits of defendant's alternative arguments.

Based upon the foregoing, the state's sole assignment of error is sustained, and the judgment of the court of common pleas is reversed. This matter is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

REILLY, P.J. and BRYANT, J., concur.

RADCLIFFE, J., of the Ross County Common Pleas Court, sitting by assignment in the Tenth Appellate District.