**UNITED STATES of America**

v.

**William GREER, a/k/a "Thomas William Dodds," Stephen Hutchins, Michael Maple, Thomas Cook, a/k/a "George Wright," Gregory Stevens, Martin Scott, and Glen Koski, Defendants.**

**No. 2:95–CR–72.**

United States District Court,
D. Vermont.

Feb. 19, 1997.

Robert Francis O'Neill, Gravel & Shea, Paul S. Volk, Blodgett, Watts & Volk, Burlington, VT, Robert Kalina, Rubin & Bailin, New York City, for William Greer aka Thomas Williams Dodds.

Mark Alan Kaplan, Jarvis & Kaplan, Burlington, VT, Barry Edward Griffith, Griffith & Lundeen, P.C., Theodore Frederic Robare, Theodore Robare, P.C., Rutland, VT, for Stephen Brent Hutchins.

Bradley Specht Stetler, Stetler & Allen, Burlington, VT, for Thomas Cook aka George Wright.

Mark John Keller, Cain & Keller, Burlington, VT, for Gregory Stevens.

Richard C. Bothfeld, Bothfeld & Volk, P.C., L. Randolph Amis, III, L. Randolph Amis, P.C., Burlington, VT, for Gary Norman Peryea.

Robert Andres, Burlington, VT, for William Carr.

David J. Williams, Sleigh & Williams, St. Johnsbury, VT, for Martin Scott.

Barry Edward Griffith, Griffith & Lundeen, P.C., Rutland, VT, for Claire Cunningham.

Paul S. Volk, Blodgett, Watts & Volk, Burlington, VT, for Joseph Desautel.

Martin A. Maley, Kissane Associates, St. Albans, VT, for Glen Koski.

Thomas D. Anderson, David V. Kirby, Asst. U.S. Attys., Office of U.S. Attorney, District of Vermont, Burlington, VT, for U.S.

## OPINION AND ORDER: PRE-INDICTMENT DELAY

SESSIONS, District Judge.

All defendants have moved to dismiss the charges based upon the government's delay in procuring an indictment. For the reasons cited below, all motions to dismiss based upon the pre-indictment delay are DENIED.

### BACKGROUND

Defendants William Greer, Stephen Hutchins, and Glen Koski were arrested in July, 1991, on Canadian warrants charging them with importation of large quantities of hashish. They received sentences of imprisonment in Canada and were released from custody prior to the date they were indicted in the United States. Defendants Thomas Cook, Gregory Stevens, and Martin Scott were not prosecuted in Canada.

The grand jury returned an indictment against Greer, Hutchins, Cook, Stevens, and Scott on August 1, 1995, approximately four years after Greer's and Hutchins' arrest. The Grand Jury charged Koski in a superseding indictment on July 24, 1996.

According to the defendants' motions, as early as July, 1991, the government possessed substantial evidence linking each defendant to a conspiracy to import and distribute large quantities of hashish from the Netherlands. In November 1990, authorities arrested Michael McNaney while he was attempting to smuggle approximately $1.3 million in cash from Canada to the United States, using an all-terrain vehicle ("ATV") to avoid customs inspection at an official point of entry. Michael Johnson, a suspect in the smuggling operation, was also observed in the area at the time. Agents traced ownership of the ATVs operated by Johnson and McNaney to Defendants Greer and Cook. Then, in July 1991, Canadian authorities arrested Johnson near the scene of an aborted off-loading of hashish from a ship in the St. Lawrence Seaway. Johnson gave a statement implicating the defendants and detailing their mode of operation.

The government continued to investigate the conspiracy, however, until the superseding indictment was filed. Since July 1991, the government has obtained cooperation agreements from co-defendants and potential co-defendants, including McNaney, Eugene Beaudry, William Carr, Gary Peryea and James Mayo.

### DISCUSSION

■ To warrant dismissal based upon pre-indictment delay, defendants must satisfy two requirements: (1) that the delay caused them actual and substantial prejudice; and (2) that the delay was for tactical advantage or an otherwise improper or illegitimate prosecutorial purpose. *See United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *United States v. Snyder*, 668 F.2d 686, 689 (2d Cir.1982); *United States v. Lane*, 561 F.2d 1075, 1077 (2d Cir.1977). The Second Circuit described

this two part test in *United States v. Scarpa,* 913 F.2d 993, 1014 (2d Cir.1990):

> [t]o establish denial of due process based on excessive pre-indictment delay [a defendant] bears the heavy burden ... of showing not only that he was prejudiced by the delay but that it was so unfair as to violate fundamental concepts of fair play and decency, such as would occur if the prosecutor deliberately used the delay to achieve a substantial tactical advantage.

(quoting *United States v. Rubin,* 609 F.2d 51, 66 (2d Cir.1979)).

■ Actual prejudice cannot be established by speculation. A defendant "must present concrete evidence showing material harm." *United States v. Anagnostou,* 974 F.2d 939, 941 (7th Cir.1992). The Seventh Circuit added: "it is not enough to show the mere passage of time nor to offer some suggestion of speculative harm." *Id.* In the context of unavailable witnesses, "the defendant must offer some grounds for his belief that the absent witness would have helped his case in a material way." *Id.*

It is well-established that the Due Process Clause does not require prosecutors to seek an indictment as soon as probable cause exists. *Lovasco,* 431 U.S. at 791, 97 S.Ct. at 2049. This is particularly true in multiple defendant cases when filing charges against one person may impede an investigation into the participation of others. *Id.,* at 792–93, 97 S.Ct. at 2049–50.

Cook and Scott concede that each defendant must establish both actual prejudice and improper motive by the Government. However, Greer and Hutchins rely upon *United States v. Crouch,* 51 F.3d 480 (5th Cir.1995), as authority for a different standard. In *Crouch,* the Fifth Circuit found that once a defendant has established actual prejudice from a pre-indictment delay, courts must balance the Government's purpose in the delay against its prejudicial impact. *Id.* at 483. However, the Fifth Circuit recently reversed *Crouch* in a decision *en banc:*

> We ... hold that where an indictment is returned within the statute of limitations, preindictment delay does not violate due process unless that delay, in addition to prejudicing the accused, was intentionally brought about by the government for the purpose of gaining some tactical advantage over the accused in the contemplated prosecution or for some other bad faith purpose.

*United States v. Crouch,* 84 F.3d 1497, 1523 (5th Cir.1996), *cert. denied, and cert. denied sub nom. Frye v. United States,* — U.S. ——, 117 S.Ct. 736, 136 L.Ed.2d 676 (1997). *But see United States v. Sowa,* 34 F.3d 447, 451 (7th Cir.1994) (once defendant has proved actual and substantial prejudice, government must provide its reasons for delay, to be balanced against prejudice to determine whether due process has been denied) *cert. denied,* — U.S. ——, 115 S.Ct. 915, 130 L.Ed.2d 796 (1995); *Howell v. Barker,* 904 F.2d 889, 895 (4th Cir.) (same) *cert. denied,* 498 U.S. 1016, 111 S.Ct. 590, 112 L.Ed.2d 595 (1990).

Although there is disagreement about the appropriate standard among the circuit courts of appeal, this Court must follow Second Circuit authority, which clearly places the burden on defendants to show both actual prejudice and improper purpose for delay. *Scarpa,* 913 F.2d at 1014. *See also United States v. Gouveia,* 467 U.S. 180, 192 (1984) (in dicta stating that defendant must prove delay caused actual prejudice and was deliberate device by government to gain advantage).

The defendants made individualized claims regarding the prejudicial impact from the pre-indictment delay. Each of those claims will be addressed separately.

#### I. *William Greer*

■ Greer cites two grounds for actual and substantial prejudice arising out of pre-indictment delay. First he argues that the delay prevented him from investigating smuggling routes used by conspirators between Canada and the United States, including interviewing residents of those areas to determine if they could identify suspects or discredit the government's theory. Second, he attributes his inability to interview the captain and crew of the barge engaged in the 1991 shipment to the delay, since they have now been returned to other countries.

Greer's claims are entirely speculative. He fails to describe any attempts that he made to investigate the smuggling routes, or identify any potential witnesses whose memories were lost due to the delay. He has not shown that witnesses to smuggling activities along these routes even existed.

Greer's reliance upon an inability to interview the barge's captain and crew is also unavailing. There is no indication that these witnesses would have cooperated with the defense or would have provided exculpatory evidence. The Court is asked to speculate that, if asked, these witnesses would be helpful to the defense. Again, Greer has failed to demonstrate actual prejudice.

Since Greer failed to prove prejudice from the pre-indictment delay, the Court need not address whether the delay was caused by the government's improper motives. However, the Court notes that Greer has failed to satisfy that standard as well.

 To meet the second prong of the applicable standard, Greer argues that the Government "recklessly, negligently and/or intentionally delayed the filing of the instant indictment to obtain tactical advantage." (paper 106, at 6). As stated above, Greer's burden is to prove that the Government caused the delay for tactical advantage or for an otherwise improper purpose. The Government claims that the delay was caused by the continuing investigation due to the length and complexity of the conspiracy. Greer offers no evidence to dispute that assertion. As a result, Greer has failed to satisfy the second prong.

## II. *Stephen Hutchins*

Hutchins relies upon the same arguments as Greer in support of his position that he suffered actual and substantial prejudice caused by the pre-indictment delay. For the same reasons cited above, the Court finds that such arguments do not establish prejudice.

 Additionally, Hutchins argues that the government will attempt to prove that he was in the vicinity of the Line Farm in Holland, Vermont on or about November 2, 1990. Hutchins claims to have been in Phila-

delphia on a business trip at that time. Because of the delay, he is unable to remember the specific dates of his trip or the name of his hotel to verify his apparent alibi.

Again, Hutchins' argument is too speculative to justify dismissal. In any event, the government has indicated that it does not intend to offer proof that Hutchins was in the area of the farm on or about November 2, 1990. His presence in Philadelphia at that time is irrelevant.

## III. *Thomas Cook*

Cook raises two issues relating to prejudice suffered as a result of the pre-indictment delay. First, the government obtained cooperation agreements from numerous witnesses during the period of delay. Cook argues that he is prejudiced because those same individuals would not have cooperated with the government if the indictment had been returned in 1991. He cites *United States v. Lawson*, 683 F.2d 688 (2d Cir.1982), as authority for finding that delays which enable the government to secure testimony from previously uncooperative witnesses may satisfy the actual and substantial prejudice prong.

In *Lawson*, a defendant argued that the government's having obtained the testimony of his ex-wife during a fourteen month pre-indictment delay constituted prejudice for due process purposes. The Second Circuit found no actual prejudice because the testimony was relatively unimportant. Cook argues that failure to address the merits of Lawson's claim is an implicit recognition of its validity.

 Cook's argument is without merit. Furthermore, even assuming that securing the cooperation of previously uncooperative witnesses would justify a finding of prejudice, it is speculative to assume that these witnesses would not have cooperated had the indictment been returned in 1991. The names of these individuals were known by the government in 1991. Their incentive to cooperate has not been shown to be greater with the passage of time. Cook has not shown that the delay caused these individuals to cooperate.

■ Cook's second argument relates to his inability to prove that he was not present during the smuggling activities of early November 1990 because of the delay. Again, to satisfy the prejudice prong, "it is not enough to show the mere passage of time nor to offer some suggestion of speculative harm...." *Anagnostou*, 974 F.2d at 942. Cook offers no evidence to support his contention that he could have provided exculpatory evidence without the delay. His claim is too speculative to meet the prejudice prong of the test.

### IV. *Martin Scott*

Scott raises the same issues as Cook. He offers no additional proof concerning prejudice suffered as a result of the delay. Like Cook, his claims of prejudice are too speculative.

■ Scott also seeks a dismissal under Fed.R.Cr.P. 48(b). Rule 48(b) provides the court with discretion to dismiss indictments when there has been unnecessary delay in "presenting the charge to the grand jury." According to the indictment, this case involved a highly complex investigation into an international drug conspiracy. In light of the seriousness of the charges and the complexity of the investigation, the Court cannot conclude that any delay was sufficiently "unnecessary" to warrant dismissal under Rule 48(b). Scott's Rule 48(b) motion is denied.

### V. *Gregory Stevens*

■ In November 1990, Stevens was apparently working in a bar. He does not identify the name or location of the bar, but claims that it was closed by the government. He argues that his payroll and employment records could have shown that he was working when the smuggling of $1.3 million occurred, thereby providing exculpatory evidence. Those records have been destroyed.

Stevens' argument is entirely speculative. He offers no proof that the records would be relevant or helpful. Furthermore, even if the records did show that Stevens was employed during some periods of these smuggling activities, and his employment records were exculpatory evidence, these acts constitute only a small part of the conspiracy.

Dismissal of the indictment would be too extreme a measure in light of the relative significance of this form of evidence to other proof in the case.

### VI. *Glen Koski*

Koski relies upon the same arguments raised by the co-defendants. He asserts that the mere passage of time was inherently prejudicial and offers no specifics as to how he was prejudiced by the delay. For the same reasons cited above, he has failed to show that he has suffered actual and substantial prejudice.

Koski also seeks dismissal based upon Fed. R.Cr.P. 48(a). For the same reasons set forth in regard to Scott's Rule 48(a) request, the Court finds Koski's motion to be without merit.

Finally, even if the defendants had established actual and substantial prejudice arising out of the pre-indictment delay, they have failed to prove that the government caused the delay for tactical advantage or for otherwise improper purposes. There is no evidence to discredit the government's assertion that the delay was caused by the continuing investigation into a complex conspiracy.

### ORDER

For the reasons stated above, defendants' motions to dismiss due to pre-indictment delay (papers 88, 92, 104, 106, 220 and 225) are denied.