The State of Ohio appeals the dismissal of an indictment against Dennis E. Cochenour and assigns the following error:
 "The Trial Court erred when finding that Defendant's Constitutional Due Process Rights were violated by pre-indictment delay."
Appellee was indicted on July 25, 1997 for trafficking in marijuana, a violation of R.C. 2925.03(A)(1). The indictment alleged that appellee had sold marijuana to an undercover police officer on or about October 11, 1996. After the trial court granted appellee's motion to dismiss the case on the basis of preindictment delay, the State appealed.
In its first assignment of error, the appellant argues that the trial court erred in dismissing the indictment. Specifically the appellant complains that the trial court erred in finding that the appellee suffered prejudice because of the pre-indictment delay.[1]
When reviewing a trial court's decision regarding a motion to dismiss an indictment based upon a pre-indictment delay, a reviewing court must accord due deference to the trial court's findings of fact, but may freely review the trial court's application of the law to the facts. State v. Metz (Apr. 21, 1998), Washington App. No. 96CA48, unreported.
A delay in commencing prosecution, even when there has been no official accusation, may violate a defendant's due process rights.[2] United States v. Lovasco (1977), 431 U.S. 783,97 S.Ct. 2044, 52 L.Ed.2d 752; State v. Luck (1984), 15 Ohio St.3d 150,153-54. In the due process context, once the defendant establishes actual prejudice from the pre-indictment delay, the burden shifts to the state to produce evidence of a justifiable reason for the delay. Whiting, supra.
The defendant must establish actual prejudice, i. e.,
prejudice may not be presumed from the passing of time. SeeMetz, citing United States v. Crouch (C.A. 5, 1996),84 F.3d 1497, 1514-15. A general assertion that the defendant cannot remember the events of the alleged crime does not constitute actual prejudice. Metz; State v. Glasper (Feb. 2, 1997), Montgomery App. No. 15740, unreported. As we noted inFlickinger:
 The federal courts of appeal appear to agree that a defendant must provide concrete proof that he will suffer actual prejudice at trial as a result of the government's delay in indicting the defendant. See, e.g., Crouch, 84 F.3d at 1515
(stating that vague assertions of faded memories are insufficient to establish actual prejudice; the defendant must state which witness is unable to fully recount the details of the crime and how the witness's lapsed memory will prejudice the defense); United States v. Beszborn (C.A.5, 1994), 21 F.3d 62, 67, certiorari denied sub nom; Westmoreland v. United States, 513 U.S. 934, 115 S.Ct. 330, 130 L.Ed.2d 288 (stating that vague assertions of faded memories are insufficient to establish actual prejudice); United States v. Stierwalt (C.A.8, 1994), 16 F.3d 282, 285 (stating that assertions of faded memories are insufficient to establish actual prejudice when the defendant fails to specify how witness's lapsed memory will harm his defense); United States v. Harrison
(S.D.N.Y. 1991), 764 F. Supp. 29, 32 (stating that assertion of faded memories is insufficient to establish actual prejudice); United States v. Greer
(D.Vt. 1997), 956 F. Supp. 525, 528 (stating that a defendant must present concrete proof of actual prejudice and not mere speculation of actual prejudice.
Aside from appellee's general claim of lack of memory of some events surrounding the night of October 10, 1996, appellee put forth no evidence of actual prejudice resulting from the nine month pre-indictment delay. In fact, our review of the hearing transcript indicates that appellee made no specific claims that his lack of memory was caused by the preindictment delay. Rather, appellee steadfastly denied being involved in the sale of marijuana because "I don't sell." According to appellee, the only conversations that took place concerned the pain pills that he was taking for a severe injury to his foot. Appellee did not contend that he couldn't remember the sale to the undercover agent. Rather, he stated that he "didn't even talk to that guy that night. Why would I talk to someone I don't even know?" He did contend he didn't know what the agent looked like, but this was because the agent was behind him in the kitchen. To the extent that he implicitly claims that the lack of sleep and use of pain pills obliterated his recollection of the events, we find the record refutes this argument. Appellee was very specific in denying the sale of marijuana and the events of the evening. More importantly, the preindictment delay would not have caused his sleepless and/or drug induced lack of memory. In sum, there is no evidence to support the trial court's factual conclusion that the appellee suffered actual prejudice as the result of the preindictment delay.[3] As a matter of law, the appellee failed to meet his burden of proof that he suffered actual prejudice and the trial court erred by finding that he had. Accordingly, we sustain appellant's only assignment of error and reverse the judgment of the trial court.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and cause remanded to the trial court for further proceedings consistent with this opinion and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
For the Court
Kline, P.J. and Abele, J.: Concur in Judgment and Opinion.
 BY: ______________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Appellant also asserts that the trial court erred in finding that it had the burden to prove justification for the delay. Because the trial court erred in finding that the appellee suffered actual prejudice as a result of the delay, we need not address this argument, but we note "that where a defendant moves to dismiss an indictment and presents evidence establishing substantial prejudice resulting from preindictment delay, the state bears the burden of producing evidence of a justifiable reason for the delay." State v. Whiting (1998),84 Ohio St.3d 215, 217 citing State v. Luck (1984), 15 Ohio St.3d 150.
[2] A due process analysis applies where the defendant has not been the subject of an "official accusation." See State v.Flickinger, (Jan. 19, 1999), Athens App. No. 98CA09, unreported, at fn 1. A different analysis in which prejudice may be presumed is applicable if the defendant has been "officially accused." See, e.g., State v. Selvage (1997),80 Ohio St.3d 465. In the latter instance, constitutional guarantees of a speedy trial and the four part test set forth in Baker v. Wingo (1972), 407 U.S. 514, govern.
[3] To the extent that the abuse of discretion standard used inSelvage, supra, is applicable rather than the manifest weight of the evidence test, our decision would be the same.