THE STATE OF OHIO, APPELLEE, *v.* MEEKER, APPELLANT.

[Cite as State v. Meeker (1971), 26 Ohio St. 2d 9.]

(No. 69-838—Decided March 31, 1971.)

*Mr. Fred V. Skok*, prosecuting attorney, and *Mr. Leo J. Talikka*, for appellee.

*Mr. James A. Readey*, *Mr. James W. Carpenter* and *Mr. William Weaver*, for appellant.

LEACH, J.  Defendant has renewed in this court his claim that under the first count of the indictment he may not be tried for armed robbery but can only be tried for unarmed robbery.[2]  That issue, however, was never before the Court of Appeals.  While the ruling of the Common Pleas Court as to count one of the indictment would not appear to be a final order, subject at the time to appeal by defendant, in any event no attempt was made by defendant to cross-appeal as to such ruling.[3]

Any appellate review of the order of the Common Pleas Court refusing to quash count one of the indictment must await appeal from conviction, if there be a conviction.

Defendant also asks this court to find that the Court of Appeals erred when it "failed to affirm" the decision of the Common Pleas Court that credit for time served must be given on any *future* sentence.  Such a statement was but the expression by the court as to its future intent in the event of conviction.  It is not an appealable order,

[2] Here it is asserted that the Fifth Amendment double jeopardy clause, as interpreted by the United States Supreme Court in *Benton* v. *Maryland* (1969), 395 U. S. 784, would prohibit trial for armed robbery, and that the state, by earlier accepting a plea of guilty to unarmed robbery, had in effect agreed to a judicial finding that defendant was not guilty of armed robbery.  Cited in support thereof is *Mullreed* v. *Kropp* (1970), 425 F. 2d 1095.

[3] R. C. 2945.67 to 2945.70 grant to the state the right of appeal from a judgment sustaining a motion to quash. Those statutes have been held unconstitutional in other respects, not affecting rulings on motions to quash.  *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65.  See, also, *State* v. *Collins* (1970), 24 Ohio St. 2d 107.

nor is the comment by the Court of Appeals that the issue of credit is one for the Adult Parole Authority and not for the trial court an appealable order.[4]

We turn now to the principal question presented by this appeal. Should the lower court have dismissed the three counts of the 1969 indictment charging offenses which were not charged in 1963. Defendant asserts that dismissal of those three counts is compelled for two reasons.

The first claim of defendant is that the potentiality of an increased sentence from a multiple-count indictment is violative of the constitutional principles enunciated by the United States Supreme Court in *North Carolina* v. *Pearce* (1969), 395 U. S. 711, and that "the fear of an extra barrage of counts at a new trial casts as real a chilling effect on the assertion of constitutional rights [by appeal or by postconviction relief] as the fear of a longer sentence on the same count."

In *Pearce*, the court said that:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation,

---

[4] In *North Carolina* v. *Pearce* (1969), 395 U. S. 711, 718, the opinion of the court by Justice Stewart stated:

"We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited'[13] in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—by substracting them from whatever new sentence is imposed." (Footnote 13 therein reads: "Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc.")

we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. * * *''

Specifically, *Pearce* was directed at ''vindictiveness'' or ''retaliatory motivation'' on the part of the *sentencing judge.* For a discussion as to whether its rationale would necessarily invalidate actions taken by others than the sentencing judge where such actions might lead to the possibility of increased sentence, see Aplin, Sentence Increases On Retrial After *North Carolina* v. *Pearce,* 39 University of Cincinnati L. Rev. 427, 451.

*Pearce* does not hold that there is an *absolute* bar to imposing a more severe sentence on reconviction. Whether ''vindictiveness'' or ''retaliatory motivation'' is present would appear to be essentially a question of fact. Here the ruling of the trial court was made without any evidentiary hearing as to such a question of fact. Under these circumstances, and concluding that counts two, three, and four of the indictment must be dismissed for another reason, we express no opinion as to the ''chilling effect'' assertion as applied to the facts before us.

The second claim of defendant as to the constitutional invalidity of counts two, three and four is that to first charge defendant with these offenses in 1969, when the crimes allegedly were committed in 1963, is in violation of the constitutional right of the defendant to a speedy trial. Section 10 of Article I of the Ohio Constitution guarantees such right. The Sixth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, also guarantees such right. *Klopfer* v. *North Carolina* (1967), 386 U. S. 213; *Smith* v. *Hooey* (1969), 393 U. S. 374; *Dickey* v. *Florida* (1970), 398 U. S. 30.

A motion to quash, or a motion treated as a motion to quash, is a proper procedure to attack counts of an in-

dictment purporting to commence prosecution of an offense in violation of the constituti،nal right of defendant to a speedy trial. Thus, where it appears that there has been a violation of a defendant's constitutional right to a speedy trial as to some of the charges contained in an indictment, a motion to quash the counts of the indictment containing such charges should be sustained.

While the members of the particular Grand Jury which indicted defendant in April 1969 obviously had no knowledge of defendant's actions on April 26, 1963, until 1969, there is no indication or claim herein that such actions were not fully known to the prosecuting authorities in 1963. Thus, unless there be some other legally justifiable excuse for not proceeding to charge and try defendant on the charges made for the first time in counts two, three and four of the 1969 indictment, it would appear that these new 1969 charges are constitutionally defective—unless the constitutional right of a defendant to a speedy trial does not arise until he is formally charged with the crime.

In the short *per curiam* opinion of *Click* v. *Eckle* (1962), 174 Ohio St. 88, 91, the statement is made that "the right to speedy trial arises after one is charged with a crime." In that action seeking a writ of habeas corpus the petitioner had been indicted just 24 days prior to his plea of guilty to a crime which had occurred some three years before.

*Ashmore* v. *State* (1969), 19 Ohio St. 2d 181, however, involved a case where no indictment had ever been returned. The charge involved was forgery, a felony. A warrant for arrest had been issued from a Municipal Court and pursuant thereto a detainer had been filed with California penal authorities, petitioner being a prison inmate in that state. A writ of habeas corpus *ad prosequendum* was allowed on the basis of the speedy trial requirements as required by the decisions of the United States Supreme Court in *Klopfer* v. *North Carolina. supra* (386 U. S. 213), and *Smith* v. *Hooey, supra* (393 U. S. 374).

In *Ashmore, supra,* a warrant had been issued and not served. In *People* v. *Hryciuk* (1967), 36 Ill. 2d 500, 224

N. E. 2d 250, the Supreme Court of Illinois applied the constitutional requirement of a speedy trial to a case where the defendant had not been formally charged with that offense.

In *Hryciuk, supra,* the defendant was arrested on March 14, 1939, for a rape to which he then confessed. Two days later he also confessed to a 1937 murder. He was not indicted for the murder but was tried and convicted for rape. In March 1953, in a postconviction proceeding he was granted a new trial on the rape conviction. The following day he was indicted for the 1937 murder. His conviction on that charge was reversed upon the basis that he had been denied his constitutional right to a speedy trial.

In *State* v. *Johnson* (1969), 275 N. C. 264, 271, 167 S. E. 2d 274, the Supreme Court of North Carolina stated that:

"The situation of one against whom a warrant has been issued but not served and that of 'the potential defendant'—the suspect who has not been formally charged —is practically the same. * * *

"* * * *

"We can see little, if any, difference in the dilemma which unreasonable delay creates for the suspect who was belatedly charged, the accused named in a warrant promptly issued but belatedly served, and the indicted defendant whose trial has been unduly postponed. The same considerations which impel prompt action in the one situation are equally critical in the others. * * *"

In *Johnson,* it was held that where the state had evidence to bring an armed robbery prosecution against a defendant, who was in the state penitentiary, but the state deliberately and unnecessarily delayed issuing a warrant and securing an indictment for a period of four years, defendant was denied his constitutional right to a "speedy trial" and prosecution. See, also, *Ross* v. *United States* (C. A. D. C. 1965), 349 F. 2d 210, and The Right to a Speedy Trial, 20 Stanford L. Rev. 476, 485-493.

Considering the basic purposes of the constitutional

right to a "speedy trial," we conclude that such constitutional guarantees are applicable to unjustifiable delays in commencing prosecution as well as to unjustifiable delays after indictment.

Was the delay herein as to the new charges first made in 1969 legally justifiable? As noted before, there is no indication and no claim that the prosecuting authorities were not in full possession of all the facts relative thereto in 1963.

Nor is such delay legally justified by the fact that defendant in 1969 secured a postconviction order voiding his 1963 guilty plea to a single crime.

Where a defendant, at the same time and place in April 1963, commits acts which would constitute four separate crimes, and where the state with knowledge thereof elects in June 1963 to charge the defendant with but one of such crimes, those counts in an indictment returned in April 1969, charging the defendant with the other three crimes, are violative of the defendant's right to a speedy trial. Such delay in prosecution is not legally justified by the fact that defendant pleaded guilty in 1963 to a lesser included offense under the original charge, was sentenced to penal confinement thereunder, and in 1969 secured a postconviction order voiding his 1963 guilty plea.

In *Partsch* v. *Haskins* (1963), 175 Ohio St. 139, we stated:

"It is well established under our law that the right to a speedy trial conferred by the Constitution is not self-executing. Affirmative action on the part of an accused in the nature of a demand to be tried is necessary for one to invoke the protection of the Constitution. *State* v. *Cunningham,* 171 Ohio St., 54; and *Crider* v. *Maxwell, Warden.* 174 Ohio St., 190. In other words, there can be no denial where there has been no demand. The purpose of Section 10, Article I, is to provide a trial for an accused without undue delay with its attendant anxieties and the possibility that the defense might be prejudiced by the lapse of time. However, it was not intended as a shield to the guilty, the

protection of which might be invoked by sitting silently back and allowing the prosecution to believe that the accused is acquiescing in the delay. It is a right which must be claimed or it will be held to have been waived.''

In *Partsch*, the defendant had been indicted and after a lapse of ten years, pleaded guilty to the indictment. No demand or request for trial had been made before that time.

*State* v. *Cunningham* (1960), 171 Ohio St. 54, involved an interpretation of the provisions of R. C. 2945.72 and 2945.73, providing for the discharge of an accused who is not brought to trial within a certain time. *Cunningham*, held that these provisions of law required an accused to make application to the court for trial. In *Cunningham*, as in *Partsch,* an indictment had been returned. The same was true as to *Crider* v. *Maxwell* (1963), 174 Ohio St. 190.

However, it would not appear that a person who has not been charged or indicted for a particular offense or offenses has any duty to take the initiative in his own prosecution. Prior to such a charge, he is in no position to demand a speedy trial. *United States* v. *Kojima* (1909), 3 D. C. Haw. 381; *State* v. *LeVien* (1965), 44 N. J. 323, 209 A. 2d 97.

It would appear that a person who is not in a position to demand a speedy trial could not be considered to have waived his rights to a speedy trial by failure to make such a demand. *State* v. *Johnson, supra* (275 N. C. 264) ; *State* v. *Milner* (Com. Pleas, Montgomery County, 1958), 78 Ohio Law Abs. 285, 149 N. E. 2d 189.

Thus, we conclude that where a defendant, at the same time and place, commits acts which would constitute four separate crimes, and the state with knowledge thereof initially chooses to charge him with but one crime, such defendant does not waive his constitutional right to a speedy trial as to the other three by failure to make a demand or request for trial.

Since we conclude that the second, third, and fourth counts of the indictment were properly dismissed by the Common Pleas Court, the judgment of the Court of Ap-

peals is reversed and the cause is remanded to the Common Pleas Court for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN and STERN, JJ., concur.

CORRIGAN, J. (Concurring in judgment only.) Under the laws of Ohio, any limitation on the formal accusatory process concerning the commission of a crime in the state is statutory. The statutes operative during the period of time with which we are concerned in this case are, in each instance, concerned with misdemeanors.

In this class of legislation R. C. 1.18 limits the time for prosecutions for misdemeanors as follows:

"No person shall be indicted or criminally prosecuted for a misdemeanor, the prosecution of which is not specially limited by law, unless such indictment is found, or prosecution commenced, within three years from the time such misdemeanor was committed."

There are other statutes providing a limitation for certain specific misdemeanors.

That formal accusatory process is accomplished in one of three ways: (1) the filing of an affidavit in due form with the clerk of court or the magistrate charging the accused with the commission of an offense and a warrant is issued thereon; (2) the return of an indictment by the grand jury; and (3) the filing of an information by the prosecuting attorney.

There is no limitation of time in Ohio statute law within which a prosecution may be commenced against a person charged with the commission of a felony. See Schneider's Ohio Criminal Code (2 Ed.), Text, Section 11.25.

Section 10 of Article I of the Ohio Constitution provides, in part: "In any trial, in any court, the party accused shall be allowed * * * a speedy public trial."

It seems to need no interpretation that this speedy

trial provision refers to a person who has been *formally* accused of a crime. Otherwise, such a person, not formally accused, would not be up for trial in a court. In *Click* v. *Eckle* (1962), 174 Ohio St. 88, 91, it was said:

"The right to a speedy trial arises after one is charged with a crime."

Finally, we must consider the Sixth Amendment to the United States Constitution which has been made obligatory on the states by the Fourteenth Amendment. The Sixth Amendment provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial.

Prosecution is a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime.

Certainly a prosecution, proceeding under the Sixth Amendment, is not instituted until the formal accusatory process has been accomplished or the accused person would not be facing trial.

Yet, the majority, with *ipse dixit* assurance, conclude in paragraph three of the syllabus that the constitutional guarantees of a speedy trial are applicable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment.

Clearly, in the mind of this member of the court, the Ohio constitutional provision does not support such a conclusion. Nor do the cases cited lend support to the majority's conclusion.

Neither does the United States constitutional provision as to a speedy trial support such conclusion and the cases cited are not authority in Ohio for such a conclusion.

In the case given, in the majority opinion, of *People* v. *Hryciuk* (1967), 36 Ill. 2d 500, 224 N. E. 2d 250, the conviction was not "reversed upon the basis that he had been denied his constitutional right to a speedy trial." The court found, in that case, *inter alia,* that from a delay of 14 years a presumption of prejudice arises and, further-

more, that actual prejudice to the defendant was shown in connection with his challenge to the voluntary nature of his confession and further, that the delay was a violation of due process.

It is the opinion of this member of the court that delay between the offense and the charge in this case is not covered by the constitutional provisions for a speedy trial, which latter have no application until after a formal prosecution has commenced. There is a substantial body of estimable case law supporting this view. See *Nickens* v. *United States* (C. A. D. C. 1963), 323 F. 2d 808; *Foley* v. *United States* (C. A 8, 1961), 290 F. 2d 562; *Harlow* v. *United States* (C. A. 5, 1962), 301 F. 2d 361; *Parker* v. *United States* (C. A. 6, 1958), 252 F. 2d 680; *D'Aquino* v. *United States* (C. A. 9, 1951), 192 F. 2d 338.

And there is no constitutional, statutory or Ohio case authority for the majority's determination under the facts of this case on the speedy trial concept as reached in the opinion.

However, the justice of this case compels the conclusion that a six-year delay, under the facts before us, in commencing prosecution on the three additional offenses, is certainly inordinate. At the other extreme of thought such delay reflects, on the part of the state, a cannibalistic appetite for the constitutionally protected time and individual freedoms of other persons. The representatives of the state should be the guardians of the constitutional rights of all persons. Justice delayed is justice denied. This six-year delay in commencing prosecution on the three additional charges was violative of this defendant's rights of due process of law under the Fourteenth Amendment to the United States Constitution. All of the citations, *supra*, support this view.

Accordingly, *for the due process reason alone*, I concur in the judgment of reversal of the Court of Appeals.