THE STATE OF OHIO, APPELLEE, *v.*
ROSS, APPELLANT. ▮

(No. 81AP-955—Decided
November 30, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. George C. Rogers, Mr. Dennis J. Fennessey* and *Mr. James D. Godbey,* for appellant.

NORRIS, J. Defendant Frederick L. Ross appeals from his conviction for six counts of securities law violations following his having entered a plea of no contest.

This appeal concerns the trial court's disposition of numerous pretrial motions, entered after numerous hearings.

The state was assisted in its investigation and presentation to the grand jury by David LeGrand, an employee of the Ohio Division of Securities, who had been sworn as an assistant prosecuting attorney. LeGrand testified that, prior to his participation as an assistant prosecutor and while working for the division, he became aware of the fact that the division was preparing civil litigation against defendant, had attended defendant's deposition, knew defendant had been referred by the division to the county prosecutor for prosecution, and was directed by his supervisor at the division

to assist in defendant's prosecution as an assistant county prosecutor. He also said that he questioned less than five witnesses before the grand jury, including defendant; that he wrote out questions for another prosecutor to pose to his supervisor; that he did not himself testify; that he summarized the law of security offenses for members of the grand jury; and that he did not divulge to anyone any information he had learned during the course of the grand jury proceedings.

Defendant raises eight assignments of error:

"1. The trial court erred in overruling defendant's motion to dismiss the indictment on the ground that the indictment had not been returned by seven or more grand jurors.

"2. The trial court erred in overruling defendant's motion to dismiss the indictment on the ground that the grand jury had not been drawn substantially according to law.

"3. The trial court erred in overruling defendant's motion to dismiss the indictment on the ground of prosecutorial misconduct.

"* * *.

"7. The trial court erred in failing to dismiss the indictment for pre-indictment delay.

"* * *"

Because the issues raised are similar, the first and second assignments of error will be considered together.

By his first assignment of error, defendant contends that, because by the date he was indicted there remained only five members of the originally impaneled grand jury (which consisted of nine grand jurors and five alternates), his indictment was not founded upon the concurrence of seven or more jurors, as required by Crim. R. 6 (F). In the interim, four of the grand jurors and all five of the alternates had been "excused" and replaced by members whose names appeared on the list of persons eligible for grand jury duty by action of the "Grand Jury Bailiff" rather than by

that of the trial court. These replacements were sworn by the trial court. Defendant argues that only the trial court could excuse grand jurors, and that once the list of alternates had been exhausted and the grand jury consisted of less than seven members, a new grand jury was required to be impaneled.

In his second assignment of error, defendant points out that the initial "draw" for grand jurors was conducted by the jury commissioner two hours before an order of the trial court was filed authorizing the drawing; that the drawing was conducted more than twenty-eight days prior to the beginning of the court term, in violation of R.C. 2313.23; and that the trial court failed to affirmatively determine that persons selected to serve on the grand jury possessed the requisite statutory qualifications.

Defendant's contention that the trial court could not supplement the original nine regular and five alternate members of the grand jury is contrary to the provisions of R.C. 2939.16 which permits a trial court to swear another qualified person to replace a grand juror after the grand jury has been sworn. Crim. R. 6 (G) includes a similar provision. In *State* v. *Thomas* (1900), 61 Ohio St. 444, after the grand jury had been sworn, a member was discharged on account of sickness and another person possessing the required legal qualifications was sworn and substituted in his place. The grand jury then returned an indictment against Thomas who, on appeal, contended that once the membership of the grand jury dropped below the number required by statute, it was dissolved and a new one was required to be impaneled. The Supreme Court rejected that contention, relying upon a nearly verbatim statutory predecessor of R.C. 2939.16.

Ordinarily, an indictment will not be set aside due to an irregularity in the manner in which grand jurors were selected if the jurors possess the requisite qualifications to act as jurors. R.C.

2313.41; *State* v. *Puente* (1982), 69 Ohio St. 2d 136 [23 O.O.3d 178]. It is incumbent upon the person challenging a grand jury to demonstrate that it did not possess the requisite qualifications; in the absence of a demonstration on the record that qualifications were lacking, it will be presumed that the grand jury was composed of persons having the qualifications required. *Parks* v. *State* (1854), 4 Ohio St. 234; *Williams* v. *State* (1832), Wright 42, 43. Defendant made no attempt to show that the jurors did not possess the requisite qualifications. Accordingly, although a number of irregularities appear to have occurred in the selection of grand jurors and replacements, defendant has not demonstrated how those irregularities prejudiced his cause. See *State* v. *Puente, supra; Huling* v. *State* (1867), 17 Ohio St. 583.

The trial court, not having erred in overruling defendant's motion to dismiss the indictment, the first and second assignments of error are overruled.

In his third assignment of error, defendant contends that the indictment should have been dismissed pursuant to Crim. R. 6(D) for the reason that LeGrand's employment by, and relationship with, the Division of Securities constituted such a conflict of interest that he was not permitted to be present while the grand jury was in session. Although the parties have not cited any Ohio authorities, the strong weight of federal and state authority cited lends little support to defendant's position, in view of LeGrand's limited involvement with the grand jury in this case.

We decline to adopt a standard which declares that there is a conflict of interest inherent in any situation in which an attorney for a government agency acts as a special assistant prosecuting attorney during a grand jury investigation. Instead, there must be an affirmative showing that the special assistant conducted himself in such a manner as to demonstrate actual bias or conflict of interest. Here, as there was no demonstration of impropriety as would require a finding of prosecutorial misconduct, the trial court was warranted in overruling defendant's motion to dismiss. The third assignment of error is overruled.

In his seventh assignment of error, defendant argues that his constitutional rights to due process and a speedy trial were violated by reason of the state's eighteen-month delay in seeking an indictment.

Our Supreme Court has held that the guarantee of a speedy trial granted by the Sixth Amendment to the United States Constitution and by Section 10, Article I, of the Ohio Constitution, is applicable to unjustified delays in commencing prosecution, as well as to unjustified delays after indictment: *State* v. *Meeker* (1971), 26 Ohio St. 2d 9 [55 O.O.2d 5], paragraph three of the syllabus. In *Meeker,* the defendant had first been charged with armed robbery in 1963, and was permitted to plead to a lesser included offense. In March 1969, in a postconviction proceeding, defendant's motions for vacation of the sentence and for a new trial were granted on the ground that he had not been advised of his right to counsel and had not knowingly waived that right. In April 1969, the grand jury re-indicted defendant for armed robbery and, in addition, indicted him for three other offenses alleged to have been committed at the same time as the armed robbery. The Supreme Court held that the delay in charging defendant with the other three crimes was not justified in view of police authorities having known about them in 1963, and not having offered a justifiable excuse for the delay.[1]

---

[1] Subsequent to the Supreme Court's holding in *State* v. *Meeker* (1971), 26 Ohio St. 2d 9 [55 O.O.2d 5], the United States Supreme Court determined that Sixth Amendment guarantees of a speedy trial apply only after a person has been arrested or otherwise

Obviously, the facts of the *Meeker* case are readily distinguishable from those of this case.

Although the Due Process Clause of the Fifth Amendment to the United States Constitution may provide a basis for dismissing an indictment where a defendant has shown that prosecutorial delay actually prejudiced his right to a fair trial *(United States* v. *Lovasco* [1977], 431 U.S. 783; *United States* v. *Marion* [1971], 404 U.S. 307), no such showing was made by defendant. Prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied that they will be able to establish a suspect's guilt beyond a reasonable doubt. Nor is there a constitutional requirement that charges must be filed after there is sufficient evidence to prove such guilt but before the investigation is complete. An immediate arrest or indictment might impair the prosecutor's ability to continue the investigation or obtain additional in-

dictments, might pressure prosecutors into resolving doubtful cases in favor of early and possibly unwarranted prosecutions, and might preclude full consideration of the desirability of not prosecuting in particular cases.

Appellant has failed to demonstrate substantial prejudice to his right to a fair trial, or that the delay was an intentional device to gain tactical advantage over him. To the contrary, the record indicates good faith efforts on the part of the prosecution in its investigation. Accordingly, the seventh assignment of error is overruled.

The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.

---

charged. See, *e.g., United States* v. *Marion* (1971), 404 U.S. 307. Whether the United States Supreme Court's position would persuade our Supreme Court to change its view of the application of Section 10, Article I, of the Ohio Constitution, announced in *State* v. *Meeker, supra,* is open to speculation.