OPINION
Defendant Laura R. Lawhun appeals a judgment of the Municipal Court of Mansfield, Richland County, Ohio, convicting and sentencing her for one count of leaving the scene of an accident in violation of Mansfield Codified Ordinance Section 335.12, after appellant entered a no-contest plea. Appellant assigns two errors to the trial court
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED WHEN THE COURT CONVICTED LAURA AFTER THE STATE, ONLY AS A RESULT OF INEXCUSABLE NEGLECT, OMISSION OR BAD FAITH, FAILED TO AFFORD LAURA A SPEEDY TRIAL AND THUS DEPRIVED HER OF HER RIGHT TO A SPEEDY TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10
OF ARTICLE I OF THE CONSTITUTION OF OHIO, AND THE PROVISIONS OF OHIO REVISED CODE SECTION 2945.71 TO 2945.73, INCLUSIVE.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED WHEN THE COURT SENTENCED LAURA TO THE MAXIMUM TERM OF IMPRISONMENT PERMITTED BY LAW IN ADDITION TO THIRTY-SIX (36) MONTHS OF PROBATION, THUS SUBJECTING LAURA TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION IN OF ARTICLE I OF THE CONSTITUTION OF OHIO, AND THE PROVISIONS OF OHIO REVISED CODE SECTION 2929.21(B)(1) AND (C)(1).
The record indicates an officer of the Mansfield Police Department arrested appellant for aggravated vehicular homicide in violation of R.C. 2903.06, a felony. The charges arose out of a pedestrian-motor vehicle accident in which appellant's vehicle struck and killed a pedestrian and then left the scene. Appellant admits she had been drinking earlier on the day of the accident, but took a blood-alcohol content test. Appellant tested positive for blood-alcohol but at a level lower than the statutorially prohibited amount.
After appellant was arrested, the matter was presented to the Richland County Grand Jury, which no-billed the aggravated vehicular homicide and lesser included offense of vehicular homicide. Eventually, appellant pled guilty to leaving the scene of the accident, a misdemeanor. The court sentenced her to the maximum statutory amount, a term of imprisonment for six months and a fine of $1,000.00, pursuant to R.C. 2929.21. Prior to her plea, appellant moved the court to dismiss the action against her, arguing she had not been brought to trial within the time required by R.C. 2945.71 and R.C. 2945.72.
 I
Appellant was arrested on July 7, 1997, and arraigned and released on bond on July 8, 1997. On September 17, 1997, the Grand Jury no-billed the felony offenses. On September 19, 1997, appellant filed a jury demand. On September 26, 1997, appellant was arraigned on the misdemeanor charge and pled not guilty. That same day, appellant's counsel executed a waiver of her right to speedy trial. On November 18, 1997, appellant moved the court to dismiss the charges, arguing the State should have brought her to trial within 90 days from July 7, 1997, which would have been October 4, 1997. On December 24, 1997, the court overruled the motion, and on January 29, 1998, appellant changed her plea to no-contest and waived her right to a jury trial.
The right to a speedy and public trial is guaranteed by theSixth Amendment to the Constitution of the United States. The Supreme Court of Ohio has extended the constitutional guarantee of a speedy trial to unjustifiable delays in commencing prosecution as well as unjustifiable delays after indictment, see State v.Meeker (1971), 26 Ohio St.2d 9.
R.C. 2945.73 requires a court to dismiss a charge against a person if he is not brought to trial within the time required by R.C. 2945.71 and R.C. 2945.72. R.C. 2945.71 sets a time limit of 90 days from arrest or service of summons for trials of persons against whom a first degree misdemeanor is pending. If the offense is a felony, the State has 270 days to bring the person to trial. The Supreme Court has held the statutory speedy trial provision constitutes a rational effort to enforce the constitutional right to a public and speedy trial of an accused, regardless of whether the offense is a felony or a misdemeanor. For this reason, the time limits shall be strictly enforced, seeState v. Pachay (1980), 64 Ohio St.2d 218.
We find the State did not exceed the statutory time period, given appellant's speedy time waiver entered on September 26, 1997, after the felony charges had been dismissed. The time waiver tolls the running of the statute, and appellant is barred from arguing now that the State exceeded the time limit.
The first assignment of error is overruled.
 II
Next, appellant argues she was subjected to cruel and unusual punishment because the court sentenced her both to the maximum sentence of imprisonment and fines, and thereafter, to a period of probation for the maximum period of time allowable under the Revised Code. Appellant argues the judge has the discretion to suspend a sentence and place the defendant on probation, but not to sentence to the maximum incarceration plus 36 months of probation.
The State urges this is not cruel and unusual punishment, particularly in light of the fact that appellant's actions resulted in the death of another, but the State does concede the sentences are counter productive because once appellant serves her jail time, the leverage for her probation is no longer in existence.
As appellant points out, R.C. 2929.51 permits a court to suspend a sentence and place the offender on probation. Here, the trial court did not suspend any of the maximum imprisonment, but imposed both the maximum term of imprisonment and probation.
We find once appellant has served the maximum term of imprisonment permissible under the statute for a misdemeanor of the first degree, the trial court loses jurisdiction to curtail appellant's freedom thereafter. Thus, the court may not impose a term of probation to be served after the maximum imprisonment term.
Although we find the sentence is not cruel and unusual, we find it is contrary to law. Accordingly, we vacate the portion of the sentence pertaining to the period of probation to be served after completion of the term of incarceration.
The second assignment of error is sustained.
For the foregoing reasons, the judgment the Municipal Court of Mansfield, Richland County, Ohio, is affirmed in part, and vacated in part, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Mansfield, Richland County, Ohio, is affirmed in part, but the sentence providing for a term of probation is vacated, and the cause is remanded to that court for execution of sentence. Costs to be split between and appellant and appellee.