OPINION
Plaintiff-appellant the State of Ohio appeals the June 12, 1998 Judgment Entry of the Delaware County Court of Common Pleas granting defendant-appellee Shawn A. Harrel's motion to dismiss based upon violations of appellee's due process and speedy trial rights.
 STATEMENT OF THE FACTS AND CASE
On March 11, 1997, appellee was sentenced to an eighteen month term of imprisonment after being convicted of attempted corruption of a minor, which occurred during the time period of January 1, 1996, through June 1, 1996. During the course of the investigation of this charge, appellee admitted to Delaware police he engaged in sexual conduct with a different minor. On July 12, 1996, a police report reflected the results of the interview with this victim and noted the case file would be forwarded to the Delaware County Prosecutor's Office for grand jury consideration.
Subsequently, on August 22, 1997, the Delaware County Grand Jury indicted appellee on two counts of corruption of a minor, in violation of R.C. 2907.04(A).[1] Appellee was served with this indictment in January, 1998. On April 3, 1998, the State voluntarily dismissed the indictment.
On April 23, 1998, the Delaware County Grand Jury returned another two count indictment against appellee, also charging him with corruption of a minor, in violation of R.C.2907.04(A).[2] This second indictment involved a different time period from the August 22, 1997 indictment. At his arraignment on May 4, 1998, appellee entered a plea of not guilty to the charges. On May 6, 1998, appellee filed a motion to dismiss on the grounds his rights of due process of law and a speedy trial as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article 1 of the Ohio Constitution had been denied. The trial court conducted a hearing on the motion on May 27, 1998.
At the hearing, appellee introduced a summary of the Delaware City Police Department report indicating the case was ready to be presented to the Grand Jury on July 12, 1996. Appellee also introduced the March 11, 1997 Judgment Entry memorializing his conviction and sentence on the attempted corruption of a minor charge. The State presented no evidence at the hearing.
Via Judgment Entry dated June 12, 1998, the trial court granted appellee's motion finding appellee had suffered both actual and presumptive prejudice which denied him his rights to due process and a speedy trial.
It is from this judgment entry the State prosecutes this appeal, raising as its sole assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT SUFFERED BOTH ACTUAL AND PRESUMPTIVE PREJUDICE IN VIOLATION OF HIS RIGHTS TO DUE PROCESS AND A SPEEDY TRIAL.
Herein, the State advances two arguments in support of its assertion the trial court erred in finding appellee suffered both actual and presumptive prejudice in violation of his rights to due process and a speedy trial. First, the State argues the trial court erred in finding appellee's constitutional right to a speedy trial was violated because the instant case is not factually similar to State v. Meeker (1971), 26 Ohio St.2d 9, as required byState v. Luck (1984), 15 Ohio St.3d 150. Next, the State contends the trial court erred in determining appellee's due process rights were violated because appellee failed to establish actual prejudice.
The Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." This provision is applicable to state criminal trials via the Fourteenth Amendment.Klopfer v. North Carolina (1967), 386 U.S. 213, 87 S.Ct. 988,18 L.Ed.2d 1. Section 10, Article I of the Ohio Constitution provides similar protection. In State v. Meeker, supra, the Ohio Supreme Court held "[t]he constitutional guarantees of a speedy trial areapplicable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment." Id. at paragraph three of the syllabus. (Emphasis added).
Subsequent to the Ohio Supreme Court's decision in Meeker,supra, the United States Supreme Court ruled the speedy trial guarantee under the Sixth Amendment to the United States Constitution has no applicability to pre-indictment delays.United States v. Marion (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d. 468. In State v. Luck, supra, the Ohio Supreme Court concluded Meeker "was not nullified in its entirety by Marion", but, in light of Marion and its progeny, the Court's "holding inMeeker is viable only insofar as its application is limited to cases that are factually similar to it." Id. at 153. Accordingly, an accused may assert a violation of his right to a speedy trial under the Ohio Constitution in a situation factually similar to Meeker.
The Ohio Supreme Court recently had occasion to revisit the issue of determining whether an individual's constitutional right to a speedy trial has been violated by a delay in prosecution.State v. Selvage (1997), 80 Ohio St.3d 465. Although the Selvage
Court reaffirmed its holding in Meeker, supra, the Court noted the speedy trial guarantee does not apply prior to indictment when the defendant has not been the subject of "official accusation":
 In State v. Luck (1984), 15 Ohio St.3d 150, 153, * * * this court limited the application of Meeker to those cases that are factually similar to it. * * * In Luck, the defendant was indicted nearly sixteen years after the offense. The court distinguished Luck from Meeker
on the basis that the defendant in Luck `was not the subject of any official prosecution' until her indictment, so the court found that the delay between the offense and the indictment was not covered by the speedy trial guarantee. (Emphasis added). Id. at 153 * * *. The appellee in this case, as well as the defendant in Meeker, was the subject of an official prosecution, i.e., official accusation. Thus, the delay between accusation and indictment triggered the protection afforded by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
Id. at 466, n. 1.
Accordingly, in order to determine whether appellee's right to a speedy trial under the Ohio Constitution was violated, we must first determine whether appellee, prior to the August 22, 1997 indictment, was the subject of official accusation.
In Selvage, supra, the defendant allegedly made two sales of marijuana to undercover police officers on March 17, 1994, and March 23, 1994. Id. at 465. As a result of the purchases, a law enforcement officer filed a criminal complaint against the defendant on June 7, 1994. Id. The State did not pursue the complaint at that time and the defendant was never served. Id.
Subsequently, in April, 1995, the defendant was indicted on felony charges arising the March, 1994 alleged sales. Id.
The defendant filed a motion to dismiss the charges, asserting her right to a speedy trial was violated by the delay in bringing the indictment. Id. The trial court granted the motion, finding the thirteen-month delay between the alleged commission of the offenses and the indictment, and the ten-month delay between the filing of the criminal complaint and the indictment were prejudicial. Id.
The Ohio Supreme Court affirmed the trial court's decision, finding the defendant was the subject of official accusation once the criminal complaint was filed against her. Id. at 467. n. 1. The Court found the filing of the criminal complaint triggered the speedy trial inquiry. Id. at 468-469.
In his motion to dismiss, appellee asserted his rights to a speedy trial as guaranteed by the United States and Ohio Constitutions were violated as a result of the thirteen-month delay between the completion of the police investigation (July 12, 1996) and the State's filing of the indictment (August 22, 1997).
Upon review of the record, we find no evidence to suggest appellee was the subject of official accusation prior to the filing of the indictment on August 22, 1997. Although appellee was indicted, convicted, and sentenced on similar charges prior to the filing of the August 22, 1997 indictment, appellee was never formally accused of the instant charges until the actual filing of the August 22, 1997 indictment. While the indictment on which appellee was sentenced in March, 1997, and the August 22, 1997 indictment encompass the same general time period, the indictments involve different victims and offenses which occurred at different places. The indictments were based upon offenses arising out of different sequences of events. Because appellee was not the subject of official accusation until his indictment on August 22, 1997, we find the trial court erred in determining the delay between the completion of the police investigation and the filing of the indictment violated appellee's right to a speedy trial under either the United States or Ohio Constitutions.
Although we find the trial court erred in determining appellee's speedy trial rights were violated by the pre-indictment delay, the delay may, nevertheless, have violated appellee's due process rights. "Pre-indictment delay resulting in actual prejudice to a defendant `makes a due process claim concrete and ripe for adjudication'." Luck, supra, at 153-154 (quoting,Marion, supra, and United States v. Lovasco (1977), 431 U.S. 783,789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752.
In order to determine whether an accused's due process rights have been violated because of pre-indictment delay, a court must undertake a two-part test. First, the defendant must establish he suffered substantial actual prejudice as a result of the delay. Second, the defendant must demonstrate the actual prejudice suffered outweighs any legitimate governmental grounds for the delay in bringing the prosecution. Lovasco, supra at 789-790, 97 S.Ct. At 2049, 52 L.Ed.2d at 752.
After hearing evidence, the trial court determined appellee suffered actual prejudice and presumptive prejudice because of the delay in bringing the August 22, 1997 indictment. Upon extensive and thorough review of the trial court's judgment entry, the parties' briefs to this Court, the record, and the applicable case law, it appears the parties and the trial court have blurred the legal theories in this case.
When a defendant asserts a pre-indictment delay violated his due process rights, prejudice may not be presumed. United Statesv. Crouch (C.A. 5, 1996), 84 F.3d 1497, 1514-1515. The notion that prejudice may be presumed from a lengthy delay arises in the context of the four-part balancing test used in determining whether a post-indictment or post-accusation delay has deprived a defendant of his Sixth Amendment right to a speedy trial. Barkerv. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. TheBarker four-part test, and the concept of presumptive prejudice, apply only to post-indictment or post-accusation delays which implicate the Sixth Amendment right to a speedy trial, and has no application to pre-indictment delays. See, State v. Metz (1998), Washington App. No. 96CA48, unreported (Citation omitted).
Accordingly, the focus of our inquiry is whether appellee demonstrated he suffered actual prejudice as a result of the pre-indictment delay. Appellee claims, and the trial court agreed, he suffered actual prejudice because he lost the ability to have his sentences served concurrently.
In State v. Remy (June 27, 1997), Ross App. No. 96CA2245, the Fourth District Court of Appeals concluded a defendant's assertion he may have received a lighter sentence is speculative and was insufficient to show prejudice. The court stated:
 The only prejudice set forth by [the defendant] is the fact that the lapse in time prevented him from getting concurrent sentences for other crimes he committed. Losing his opportunity to bargain for concurrent sentences is not sufficient to show prejudice. There is no case law supporting [this] position, nor is it a constitutional or statutory right to be given concurrent sentences. Thus, [the defendant] has failed to demonstrate a violation of a Sixth Amendment right. * * *.
Id. (Citation omitted).
We agree with our brethren in the Fourth District the loss of an opportunity to bargain for concurrent sentences is insufficient to show actual prejudice. Because appellee has failed to establish actual prejudice caused by the delay in indicting him, we find the trial court erred, as a matter of law, in concluding appellee's due process rights were violated.
Our analysis now turns to whether the post-accusation delay violated appellee's speedy trial rights.
Pursuant to the Barker test, the trial court is required to approach speedy trial cases on an ad hoc basis. In determining whether an accused's right to a speedy trial has been violated, a trial court should consider: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; (4) prejudice to the defendant. Barker, 407 U.S. at 530. The United States Supreme Court further explained:
 The length of delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge. (Footnote omitted.) Id. at 530-531.
The trial court found the delay between July, 1996, when the police considered the matter ready for grand jury consideration, and August 22, 1997, when appellee was finally indicted, to be presumptively prejudicial, citing United States v. Doggett (1992),505 U.S. 647, 652, 112 S.Ct. 2686, 2691, 120 L.Ed.2d 520, 528, fn. 1 ("Courts have generally found post accusation delay `presumptively prejudicial' at least at it approaches one year."). We find the trial court did not use the proper time frame in undertaking its presumptive prejudice analysis.
As we determined, supra, appellee was not formally accused until the State indicted him in August, 1997. The filing of the indictment triggered the speedy trial inquiry under Barker, supra. We must analyze whether the length of delay between the filing of the indictment and appellee's being served with said indictment was presumptively prejudicial. From March 11, 1997, appellee was in the continual control of the State due to his imprisonment on the attempted corruption of a minor charge. On August 22, 1997, the Delaware County Grand Jury indicted appellee on the instant charges. Appellee was subsequently served in January, 1998. By virtue of appellee's incarceration, the State is charged with the delay between the indictment and the service. However, we do not find this approximate four to five month delay to be presumptively prejudicial. Because the delay is not presumptively prejudicial, we need not inquire into the other factors of theBarker balancing test. We find the trial court erred in finding appellee's constitutional right to a speedy trial was violated.
In light of the foregoing, we find the trial court erred in determining appellee's due process and speedy trial rights were violated and in granting appellee's motion to dismiss.
The State's sole assignment is sustained.
The judgment entry of the Delaware County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings consistent with law and this opinion.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs assessed to appellee.
[1] Case No. 97CRI08331.
[2] Case No. 98CRI04115.