I respectfully dissent from the majority's reasoning in Assignment of Error I. I find jeopardy attached when appellant was indicted for felonious assault as he previously had been found not guilty of attempted murder involving the same victim and the same set of facts and circumstances. The Double Jeopardy Clause under theFifth Amendment "`protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" Brown v. Ohio (1977), 432 U.S. 161, 165, quoting North Carolina v. Pearce (1969), 395 U.S. 711, 717. In Ohio v. Johnson (1984),467 U.S. 493, 498-499, the United States Supreme Court noted the following: As we have explained on numerous occasions, the bar to retrial following acquittal or conviction ensures that the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence.
In Brown cited supra, Justice Powell noted the following:
 The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall `be subject for the same offense to be twice put in jeopardy of life or limb.' It has long been understood that separate statutory crimes need not be identical — either in constituent elements or in actual proof — in order to be the same within the meaning of the constitutional prohibition.
In the leading case of Blockburger v. United States (1932),284 U.S. 299, 304, the United States Supreme Court set forth the test for determining double jeopardy claims:
 The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
As I noted in my dissent in Nelson I, I found felonious assault to be a lesser included offense of attempted murder:
* * *
 the majority holds that felonious assault, R.C. 2903.11(A)(2), fails by definition to be a lesser included offense of attempted murder because attempted murder can, as statutorily defined, be committed without the lesser offense. I disagree with this analysis as it pertains to felonious assault as defined by subsection (A)(2). The legislature built into subsection (A)(2) the attempt language without the necessity of a charge under the section prohibiting an attempt to commit an offense. By its very nature, the felonious assault statute is a compilation of various crimes included under the broad definition of felonious assault.
* * *
Also, although it was decided prior to Deem, I find State v. Mabry (1982), 5 Ohio App.3d 13, to be persuasive. Our sister court from the Eighth District found felonious assault to be a lesser included offense of attempted murder by using the same analysis as the Deem court at paragraph two of the syllabus. The court reaffirmed its position after Deem in State v. Whalen (November 27, 1991), Cuyahoga App. No. 59366, unreported.
Consistent with my dissent in Nelson I, I find there was but one offense (the assault of the victim) and the prosecution for felonious assault after acquittal on the attempted murder charge was barred by the Double Jeopardy Clause. In addition, I dissent from the majority's opinion in Assignment of Error II. Pursuant to State v. Meeker (1971), 26 Ohio St.2d 9, paragraph five of the syllabus, I find the delay in prosecution from December 29, 1995 to May 26, 1998 to be violative of appellant's right to a speedy trial.
Based upon the foregoing, I would grant both assignments of error.