JOURNAL ENTRY and OPINION
This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant the City of Cleveland (City) appeals from the Cleveland Municipal Court's dismissal of criminal charges against defendant-appellee Stacy Baker on the grounds that the speedy trial time had elapsed. We find merit to the appeal and reverse and remand for further proceedings.
Baker was arrested on October 19, 2001 for creating a disturbance at Margaret Spellacy Elementary School in Cleveland. She was released without any charges being filed. However, on December 6, 2001, three misdemeanor charges were issued against her for assault, criminal trespass, and criminal activity on school property.
On January 14, 2002, Baker appeared for a pretrial and was represented by counsel. The trial court set the matter for jury trial on February 20, 2002. No objection to this date was made by Baker's counsel. On January 16, 2002, Baker's counsel filed a motion for discovery, which the prosecutor answered on February 12, 2002.
On February 20, 2002, Baker appeared with counsel for trial. Prior to the commencement of the jury trial, Baker's counsel made an oral motion to dismiss based on speedy trial grounds. The City argued that Baker's speedy trial issue was waived because it was not raised earlier, and further explained that the delay in filing charges was due to the time it took the Board of Education to compile enough information to authorize the school to pursue criminal charges.
The trial court dismissed the charges for lack of a speedy trial. The City now appeals, raising two assignments of error. We find the second assignment of error dispositive.
 SPEEDY TRIAL TIME CALCULATION
The City argues that the trial court erred in calculating the speedy trial time from the date of arrest instead of the date formal charges were filed against Baker.
Two of the charges against Baker, the assault and criminal activity charges, constituted first degree misdemeanors, and the remaining count for criminal trespass was a fourth degree misdemeanor.
R.C. 2945.71 provides in part:
 (B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
* * *
 (2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
This court has held on several occasions that when a defendant is arrested but released without charges being filed, the time for the speedy trial does not run from the time of arrest, but from the time charges are formally filed. State v. James (Feb. 8, 1996), Cuyahoga No. 69075; State v. Harris (Mar. 14, 1991), Cuyahoga No. 58233; State v. Bacsa (June 3, 1982), Cuyahoga No. 43997. The Ohio Supreme Court held in Click v. Eckle (1962), 174 Ohio St. 88, 91, that the right to a speedy trial arises after one is charged with a crime. Prior to being charged with a crime, the person is in no position to demand a speedy trial. State v. Meeker (1971), 26 Ohio St.2d 9, 18.
In the instant case, although Baker was arrested on October 19, 2001, she was released without charges being filed. It was not until December 6, 2001, that the three misdemeanor charges were filed against her and she was served a summons on December 11. Therefore, the speedy trial time did not commence until December 2001. As of the date of trial, February 20, 2002, only seventy-six days had elapsed. Because the trial date was set well within the ninety-day speedy trial time, we find the trial court erred in dismissing the case.
The City's second assignment of error is sustained.
Due to our disposition of the second assignment of error, the first assignment of error is moot and need not be addressed. App.R. 12(A)(1)(c).[1]
Judgment reversed and remanded for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and TERRENCE O'DONNELL, J. CONCUR.
[1] The first assignment of error states:
 THE TRIAL COURT ERRED BY GRANTING A MOTION TO DISMISS FOR WANT OF SPEEDY TRIAL THAT WAS FIRST PROFFERED ON THE DAY OF TRIAL.