OPINION
{¶ 1} Defendant, Richard J. Wallace, appeals from his convictions for aggravated burglary, R.C. 2911.12(A)(2), kidnapping, R.C. 2909.01(B)(2), and negligent assault, R.C. 2903.14(A), and the sentences imposed on those convictions pursuant to law.
 {¶ 2} Defendant's convictions were entered upon guilty *Page 2 
verdicts returned by a jury following a trial. The offenses involved arose from events that occurred on October 29, 2004, between Defendant and his former wife, at her home. Evidence was offered sufficient to support those convictions, which are not challenged by Defendant on their merits. Instead, Defendant's contentions on appeal involve his speedy trial rights.
 {¶ 3} The record reflects that Defendant was arrested and incarcerated on October 29, 2004, and that he remained incarcerated until he was tried on the resulting charges. On December 9, 2004, a written waiver of his statutory speedy trial rights signed by Defendant and his attorney was filed. (Dkt. 2). On February 22, 2005, the court granted an oral motion to withdraw made by Defendant's attorney and appointed new counsel to represent him. (Dkt. 5). An indictment charging Defendant with aggravated burglary, kidnapping, and two other felony offenses, attempted rape and felonious assault, was returned on September 16, 2005, eleven and one-half months after his arrest. (Dkt. 2).
 {¶ 4} Defendant filed several motions subsequent to his indictment: a demand for discovery, which the court found on September 29, 2005 had been satisfied by the State (Dkt 10); a motion to dismiss alleging a violation of Sup.Ct.Sup.R. 39(B), which requires common pleas courts to try criminal charges *Page 3 
within six months of arraignment, which Defendant filed on October 5, 2005 (Dkt 11) and the court overruled on October 27, 2005 (Dkt 17); a motion to act as his own co-counsel, which Defendant filed pro se on November 29, 2005 (Dkt. 18) and the court denied on December 1, 2005 (Dkt 19); and, a motion to dismiss for violation of his speedy trial rights, which Defendant filed on February 9, 2006. (Dkt. 22).
 {¶ 5} Defendant's speedy trial claim was founded on two contentions. First, that the waiver of speedy trial rights that he had signed was not a knowing, intelligent and voluntary waiver, and that the waiver had been filed by his attorney without Defendant's authorization and contrary to his instructions. Second, that the period of delay which ensued "surpasses the speedy trial requirements set forth by statute and case law authority." Id.
 {¶ 6} The court conducted a hearing on Defendant's motion to dismiss on February 14, 2006. Defendant Wallace testified that his prior attorney, who then represented him, met with Defendant in the county jail on December 8 or 10, 2004 and presented Defendant a speedy trial waiver the prosecutor had prepared. Defendant testified that he refused to sign it and that his attorney became upset. Defendant further testified that as he was leaving the meeting his attorney asked him to sign a document that the attorney said was "a piece of paper *Page 4 
from the Preliminary Hearing you didn't sign." (Tr. 5). Defendant said that because his attorney told him to sign the document, Defendant did. Defendant said he did not discover that the document he signed was a speedy trial waiver until June of 2005, when his new attorney made Defendant aware of that. (T. 6).
 {¶ 7} Defendant's former attorney, Andrew Pratt, who signed the speedy trial waiver, also testified. Attorney Pratt testified that he and the County Prosecutor had been in plea bargain negotiations, and that the prosecutor presented him with a waiver for Defendant to sign "in order to continue negotiations regarding an amicable plea bargain." (T. 16). Attorney Pratt revised the waiver because it covered only misdemeanors. He presented and explained the effect of the revised waiver to Defendant recommended that Defendant sign it. Defendant did. Attorney Pratt further opined that Defendant fully understood the effect of the waiver.
 {¶ 8} At the conclusion of the hearing the trial court overruled Defendant's motion to dismiss. The court expressly found Attorney Pratt's testimony credible, and therefore that he had explained the waiver and its effect to Defendant before he signed it. (T. 24). In a subsequent written decision, the court further found that Defendant's waiver of his speedy trial rights was knowing, intelligent, and voluntary. (Dkt. *Page 5 
24). In both instances, the court further noted that a speedy trial waiver filed by his attorney without a defendant's consent is nevertheless valid.
 {¶ 9} The charges against Defendant were tried to a jury on February 14, 15, and 16, 2006. The jury returned verdicts of guilty on the charges of aggravated burglary and kidnapping. The jury returned verdicts of not guilty on the charges of attempted rape and felonious assault, but as to the latter charge the jury found Defendant guilty of negligent assault, a misdemeanor, as a lesser-included offense. Defendant was convicted on the verdicts. The court imposed concurrent prison terms of ten years on the two felony convictions and ten days on the misdemeanor conviction. Defendant filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR {¶ 10} "THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE WHEN IT OVERRULED HIS MOTION TO DISMISS FOR VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL AS DICTATED BY THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION, AND R.C. 2945.71."
 {¶ 11} Defendant argues that, his waiver of his statutory speedy trial rights notwithstanding, the period of delay from his arrest on October 29, 2004 until his trial commenced on February 14, 2006, denied his constitutional right to a speedy *Page 6 
trial.
 {¶ 12} The Sixth Amendment to the Constitution of the United States provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ." Section 10, Article I of the Ohio Constitution, which applies to criminal trials, states that "the party accused shall be allowed . . . a speedy public trial by an impartial jury . . ." The provisions correspond to guarantee the same right. State v. Meeker (1971), 26 Ohio St.2d 9.
 {¶ 13} R.C. 2945.71, et. seq., the statutory speedy trial requirements, constitute a rational effort to enforce the constitutional right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218. An accused's express written waiver of his statutory right to a speedy trial, if knowingly and voluntarily made, may also constitute a waiver of the coextensive speedy trial rights guaranteed by the United States and Ohio Constitutions. State v. O'Brien (1987), 34 Ohio St. 3d 7.
 {¶ 14} The trial court held that the written waiver of his statutory rights that Defendant signed was knowing, intelligent, and voluntary. The court's holding is grounded on its finding that the testimony of Defendant's former trial attorney, who procured the waiver, is credible. The attorney's testimony, discussed above, supports the court's *Page 7 
holding that the waiver was knowing, intelligent, and voluntary. The court's credibility finding also necessarily rejects Defendant's contradictory testimony that his signature on the waiver was fraudulently procured. We find no basis in the record to reject the trial court's holding.
 {¶ 15} Defendant argues that, the waiver notwithstanding, he was deprived of his constitutional right to a speedy trial under the criteria set out in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101. In Barker, the Supreme Court established a balancing test to determine whether a defendant's constitutional right to a speedy trial had been violated, even if the statutory time frame had not be exceeded. Under the Barker test, a court is asked to weigh four factors; length of delay, the reason for the delay, assertion by the defendant of his rights, and the amount of prejudice to the Defendant. Id.
 {¶ 16} The motion to dismiss that Defendant filed (Dkt 22) alleged that Defendant had been confined in jail "for a period of time(,) which surpasses the speedy trial requirements set forth by statute and case law authority." Id. Even were we to construe the general reference to "case law authority" to refer to Barker, on which Defendant relies, Defendant offered no evidence in the hearing on his motion which demonstrates a speedy trial violation under Barker. We have held that an *Page 8 
even longer delay does not demonstrate a violation. State v. Kerby, 162 Ohio App.3d 353, 2005-Ohio-3734. The reason for the delay in the present case is unexplained. Defendant's suggestion that as a result of delay memories may dim or exculpatory evidence lost does not demonstrate that those consequences resulted.
 {¶ 17} Defendant also complains that the trial court erred when it held that a defendant's consent to a waiver his attorney files is not required. That may not apply when a defendant has instructed his attorney to not waive the right. We need not address that issue, however, because the trial court found that Defendant gave his consent.
 {¶ 18} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR {¶ 19} "DEFENDANT-APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS A RESULT OF HIS INITIAL ATTORNEY FILING A SPEEDY TRIAL WAIVER WHEN IT WAS OBTAINED, BY FRAUD, AND WAS NOT EXECUTED BY HIM IN A KNOWING, VOLUNTARY MANNER."
 {¶ 20} The error assigned is rendered moot by our ruling with respect to the first assignment of error. Therefore, we exercise the discretion conferred by App.R. 12(A)(1)(c), and decline to decide the error assigned.
 {¶ 21} The second assignment of error is overruled. *Page 9 
THIRD ASSIGNMENT OF ERROR {¶ 22} "DEFENDANT-APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS A RESULT OF HIS TRIAL COUNSEL'S FAILURE TO FILE A MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS IN A TIMELY MANNER."
 {¶ 23} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 24} Defendant does not identify when counsel should have filed a motion on a speedy trial claim at some point in time earlier than he did, arguing instead that "[a] reasonable attorney would have reached (sic) the possibility of Motion to Dismiss on speedy trial grounds when their (sic) client had been incarcerated for almost a year and a half on his charges."
 {¶ 25} Defendant was incarcerated for approximately sixteen months from his arrest on October 29, 2004 until his trial began. The waiver of his speedy trial rights was filed on *Page 10 
December 9, 2004, forty-one days after his arrest. A motion to dismiss could not lie unless and until the waiver was withdrawn. State v.Kerby. No motion to withdraw the waiver was filed. His attorney's failure to file a withdrawal of the waiver is more pertinent to Defendant's claim of ineffective assistance.
 {¶ 26} In his testimony in the hearing on his motion to dismiss, Defendant said that he was unaware of the waiver until June of 2005, when he was informed of it by his new attorney. (T. 6). That contention necessarily fails when the finding the court made — that Defendant executed the waiver knowingly and intelligently — is considered. If Defendant executed the waiver knowingly and intelligently, as the trial court found, Defendant was aware of the waiver, and it was incumbent on the Defendant to ask his attorney to withdraw the waiver. There is no claim that Defendant ever did that.
 {¶ 27} Strickland instructs that the threshold issue in any claim of ineffective assistance is whether a defendant was prejudiced by the defective representation alleged. As we noted with respect to theBarker v. Wingo factors, which encompass the prejudice resulting from a speedy trial violation, no evidence was offered from which prejudice can be found. The mere fact of a significant delay is not necessarily prejudicial. And, Defendant is entitled to a *Page 11 
credit against his ten year sentences for the sixteen months
he was incarcerated. R.C. 2949.08(C); R.C. 2967.191.
 {¶ 28} The third assignment of error is overruled. The
judgment of the trial court will be affirmed.
 FAIN, J. And DONOVAN, J., concur. *Page 1