Robert H. Lyons, for appellee.

THE STATE OF OHIO, APPELLANT, *v.* AZBELL, APPELLEE.

[Cite as *State v. Azbell,* 112 Ohio St.3d 300, 2006-Ohio-6552.]

(No. 2005–1788—Submitted June 7, 2006—Decided December 20, 2006.)

LUNDBERG STRATTON, J.

{¶ 1} Today this court must determine when a charge is considered "pending" for purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C). For the reasons that follow, we hold that a charge is not pending for purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C) until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance. We therefore reverse the judgment of the court of appeals.

{¶ 2} Defendant-appellee, Sandra Azbell, was arrested at a pharmacy on May 30, 2003, for deception to obtain dangerous drugs. Officers took Azbell to the police station, where police provided her with *Miranda* warnings, gave her an opportunity to make a statement, and then photographed, fingerprinted, and released her. No charges were filed at that time, and Azbell was later indicted in April 2004. Azbell was arrested on April 16, 2004, and was served with an indictment charging her with illegal possession of drug documents in violation of

R.C. 2925.23(B)(1) and deception to obtain a dangerous drug in violation of R.C. 2925.22(A), both felonies of the fifth degree.

{¶ 3} Azbell filed a motion to discharge, claiming that she had not been brought to trial in accordance with the speedy-trial dictates of R.C. 2945.71. The trial court held a hearing, at which Azbell claimed that the time began to run, for speedy-trial purposes, when she was arrested in 2003, and the state argued that the time began when charges were filed against her in 2004. The trial court, from the bench, denied the motion to discharge based on speedy-trial grounds.

{¶ 4} Azbell pleaded no contest to both charges and was found guilty. She appealed from the trial court's decision on the motion to discharge, and the Richland County Court of Appeals reversed the judgment of the trial court.

{¶ 5} The cause is before this court upon the acceptance of a discretionary appeal.

{¶ 6} The right to a speedy public trial is established in the Ohio Constitution, Article I, Section 10. "In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and *a speedy public trial* by an impartial jury of the county in which the offense is alleged to have been committed * * *." (Emphasis added.)

{¶ 7} R.C. 2945.71 codifies a defendant's right to a speedy trial and provides the time within which a hearing or trial must be held for specific offenses. In general, subsection (A) addresses minor misdemeanors, subsection (B) addresses misdemeanors other than minor misdemeanors, subsection (C) addresses felonies, and subsection (D) addresses cases involving both misdemeanors and felonies.

{¶ 8} Applicable to this case, subsection (C) provides: "A person *against whom a charge of felony is pending* * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." (Emphasis added.)

{¶ 9} The crux of the issue in this case is when a charge is considered "pending" for purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C). The defendant argues that the time begins to run on the date of a person's arrest. The state argues that a charge is not pending for speedy-trial purposes when a defendant is merely detained and released by law enforcement without being subject to the conditions of bond or being charged in a complaint.[1]

---

1. Although the state argues in its brief that Azbell was merely detained, not arrested, on May 30, 2003, when she was brought to the Ontario police station, the state conceded in oral argument that Azbell *was* under arrest at that time.

{¶ 10} Although Ohio is free to offer more protections in our Constitution and statutes than the federal Constitution offers, we turn first to the United States Supreme Court for guidance on this issue. In *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, the defendants moved to dismiss an indictment, claiming that their speedy-trial rights were violated because approximately three years had passed between the end of the criminal scheme charged and the return of the indictment. In holding that "the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused,'" the court held that "[t]hese provisions would seem to afford no protection to those not yet accused, nor would they seem to require the Government to discover, investigate, and accuse any person within any particular period of time." Id. at 313, 92 S.Ct. 455, 30 L.Ed.2d 468.

{¶ 11} Thus, "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." Id. at 320, 92 S.Ct. 455, 30 L.Ed.2d 468. Moreover, "[a] literal reading of the [Sixth] Amendment suggests that this right attaches only when a formal criminal charge is instituted and a criminal prosecution begins." *United States v. MacDonald* (1982), 456 U.S. 1, 6, 102 S.Ct. 1497, 71 L.Ed.2d 696.

{¶ 12} The defendant states that dicta in *Doggett v. United States* (1992), 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520, suggests that mere arrest triggers the speedy-trial clock for purposes of the Sixth Amendment. We quote with approval the resolution offered by the Tenth District Court of Appeals in *State v. Weiser*, Franklin App. No. 03AP–95, 2003-Ohio-7034, 2003 WL 22999457, ¶ 25–26:

{¶ 13} "[U]pon careful reading of *Doggett* and the forerunning cases of *MacDonald* and *Marion*, supra, it is clear the use of the term 'arrest' connotes more than an arrest without the filing of charges or posting of bond. Instead, it intimates an arrest that 'is the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which defendant is eventually tried.' *United State v. Stead* ([C.A.8] 1984), 745 F.2d 1170, 1172.

{¶ 14} "The policy reasons espoused by the *Doggett* court when it stated 'arrest' were the same as those discussed in *MacDonald* and *Marion* when the Supreme Court held speedy trial rights did not arise 'until charges are pending,' *MacDonald*, supra [456 U.S.] at 7 [102 S.Ct. 1497, 71 L.E.2d 696], or by 'either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge * * *' *Marion*, supra [404 U.S.] at 321 [92 S.Ct. 455, 30 L.Ed.2d 468]. Specifically, the *Doggett* court stated, 'We have observed in prior cases that unreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, including "oppressive pretrial incarceration," "anxiety and concern of the accused," and "the possibility

that the [accused's] defense will be impaired" by dimming memories and loss of exculpatory evidence.' *Doggett* [505 U.S.] at 654 [112 S.Ct. 2686, 120 L.Ed.2d 520] [quoting *Barker v. Wingo* (1972), 407 U.S. 514, 532, 92 S.Ct. 2182, 33 L.Ed.2d 101]. As such, the *Doggett* court, as with previous decisions, continued to focus on the restraints upon an individual's liberty which accompan[y] a formal accusation. Therefore, while the *Doggett* court failed to explicitly state 'and held to answer,' the analysis makes clear this is the situation which must be present, and not mere arrest, to trigger speedy trial rights." (Footnote omitted.)

{¶ 15} Several prior cases from this court are relevant. In *Westlake v. Cougill* (1978), 56 Ohio St.2d 230, 234, 10 O.O.3d 382, 383 N.E.2d 599, we held that the speedy-trial statute was tolled during the time between a nolle prosequi of a misdemeanor charge and the service of summons of the second filing of a misdemeanor charge arising out of the same conduct, since no charge was pending against the defendant during that period.

{¶ 16} Further, in *State v. Bonarrigo* (1980), 62 Ohio St.2d 7, 16 O.O.3d 4, 402 N.E.2d 530, we held that the speedy-trial statute was tolled after a misdemeanor charge was nolled until the felony indictment, based upon the same conduct, was issued. Quoting from *United States v. Hillegas* (C.A.2, 1978), 578 F.2d 453, 458, we noted, " 'After the Government's dismissal of the complaint against him appellant * * * was no longer under any of the restraints associated with arrest and the pendency of criminal charges against him. He was free to come and go as he pleased. He was not subject to public obloquy, disruption of his employment or more stress than any citizen who might be under investigation but not charged with a crime. Unless and until a formal criminal charge was filed against him, neither he nor the public generally could have any legitimate interest in the prompt processing of a nonexistent case against him.' [Footnote omitted.]" *Bonarrigo*, 62 Ohio St.2d at 11, 16 O.O.3d 4, 402 N.E.2d 530, fn. 5.

{¶ 17} In addition, in *State v. Broughton* (1991), 62 Ohio St.3d 253, 581 N.E.2d 541, we considered a case in which a defendant was indicted on November 17, 1988, the indictment was dismissed as defective on July 18, 1989, and the defendant was later indicted on October 18, 1989. Id. at 254, 581 N.E.2d 541. This court held, "For purposes of computing how much time has run against the state under R.C. 2945.71 *et seq.*, the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I)." Id., paragraph one of the syllabus.

{¶ 18} Finally, this court has held, " 'The speedy trial guarantee is designed to minimize the possibility of lengthy *incarceration* prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an *accused*

while released on bail, and to shorten the disruption of life caused by *arrest* and the presence of unresolved criminal charges.'" (Emphasis added.) *State v. Triplett* (1997), 78 Ohio St.3d 566, 568, 679 N.E.2d 290, quoting *MacDonald,* 456 U.S. at 8, 102 S.Ct. 1497, 71 L.Ed.2d 696.

{¶ 19} As the Eighth Circuit Court of Appeals reasoned in *United States v. Stead* (C.A.8, 1984), 745 F.2d 1170, 1172, "arrest triggers the speedy trial right only where it is the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which defendant is eventually tried. * * * [Thus], the protections of the Speedy Trial Act are not triggered by an arrest when the arrested person is immediately released without formal charge."

{¶ 20} In this case, although Azbell was arrested in May 2003, she was not "held to answer" because she was immediately released after being photographed and fingerprinted at the police station. At the time of her arrest, she was not charged with any offense. Thus, she was never subject to "actual restraints imposed by arrest and holding to answer a criminal charge." *Marion,* 404 U.S. at 320, 92 S.Ct. 455, 30 L.Ed.2d 468. Her liberty was not in jeopardy, one of the overriding concerns of speedy-trial violations. See *United States v. Loud Hawk* (1986), 474 U.S. 302, 310–312, 106 S.Ct. 648, 88 L.Ed.2d 640. Because no charge was outstanding and she was not held pending the filing of charges or released on bail or recognizance, Azbell did not become a "person against whom a charge of felony is pending" until she was arrested on the indictment in April 16, 2004.

{¶ 21} Therefore, we hold that for purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance. Accordingly, we reverse the judgment of the court of appeals and remand the cause for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

RESNICK and O'CONNOR, JJ., concur.

O'DONNELL, J., concurs separately.

MOYER, C.J., PFEIFER and LANZINGER, JJ., dissent.

---

**O'DONNELL, J., concurring.**

{¶ 22} In my view, resolution of this case involves a matter of statutory construction. In reviewing a statute, we are to accord the plain meaning to the words of the statute, absent any ambiguity. This statute is not ambiguous.

{¶ 23} R.C. 2945.71 sets forth the statutory right to a speedy trial in Ohio and catalogs three classifications of persons against whom a charge is pending, dependent upon the degree of the offense with which the person is charged. Subdivision (A) pertains to "a person against whom a charge is pending in a court not of record, or against whom a charge of *minor misdemeanor* is pending in a court of record." (Emphasis added.) Subdivision (B) pertains to "a person against whom a charge of *misdemeanor*, other than a minor misdemeanor, is pending in a court of record." (Emphasis added.) And, thirdly, insofar as is relevant here, subsection (C) specifies:

{¶ 24} "A person against whom a charge of *felony* is pending:

{¶ 25} "* * *

{¶ 26} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest." (Emphasis added.)

{¶ 27} Reading the statute in its entirety in order to discern the legislative intent, it is apparent to me that this statute applies only to persons against whom charges are pending.

{¶ 28} More relevant here is the fact that the only subsection of this statute that applies to this case is subsection (C), which has as its predicate that it applies only to a person against whom a charge of felony is pending. While the majority and dissenting opinions discuss which is the more preferable interpretation of this statute, the language used by the General Assembly does not refer to the circumstance confronting Sandra Azbell in this case: that of being arrested but not charged. No subsection of R.C. 2945.71 pertains to the circumstance in which a person has been arrested but not charged; nor does the statute require that upon arrest, a charge must be presented against that person within any stated time period. Rather, this statute applies only to those who have charges pending against them.

{¶ 29} In my view, this case does not implicate Azbell's constitutional rights; the statutory definition of "speedy trial" in Ohio is contained in R.C. 2945.71, and the plain language of that statute mandates that "[a] person against whom a charge of felony is pending * * * (2) [s]hall be brought to trial within two hundred seventy days after the person's arrest." This statute does not specify any time within which the state must present charges.

{¶ 30} Although the police arrested and questioned Azbell on May 30, 2003, they released her less than an hour later and presented no charge against her until nearly 11 months later. Accordingly, because R.C. 2945.71 applies only to those against whom a charge is pending, she cannot claim that the speedy-trial

statute applied to her May 2003 arrest. It does not. For these reasons, I concur in the judgment reversing the decision to the contrary of the court of appeals.

---

MOYER, C.J., dissenting.

{¶ 31} I respectfully dissent. A person has constitutional speedy-trial protections guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. "In Ohio, beginning with the year 1869, this constitutional right, described as of 'amorphous quality' in *Barker v. Wingo* (1972), 407 U.S. 514, 522 [92 S.Ct. 2182, 33 L.Ed.2d 101], has been the subject of legislative enactment designed to quantify the right to a speedy trial in a more specific time frame." *State v. Pachay* (1980), 64 Ohio St.2d 218, 219, 18 O.O.3d 427, 416 N.E.2d 589.

{¶ 32} The speedy-trial statute, R.C. 2945.71, requires that a person charged with a felony be brought to trial within 270 days after the person's arrest. This is distinguished from the more "amorphous" constitutional right. Under constitutional jurisprudence, the delay from accusation to trial becomes " 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States* (1992), 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520, fn. 1; *State v. Triplett* (1997), 78 Ohio St.3d 566, 569, 679 N.E.2d 290.

{¶ 33} This case, then, becomes a question of statutory interpretation. The majority reads the statute to determine that arrest is modified by the charge pending—that is, a defendant's speedy-trial clock does not begin to run until after the indictment has been handed up and the person has been arrested. I believe this is a tortured reading of the statute and bad public policy.

{¶ 34} R.C. 2945.71 establishes the time within which persons charged with different categories of crimes must be brought to trial. The first three subsections list the three major categories of criminal offenses: minor misdemeanors, misdemeanors other than minor misdemeanors, and felonies. These three categories tell the reader under which subsection the reader will find the appropriate time period in which the defendant must be brought to trial. Subsection (C) begins, "A person against whom a charge of felony is pending." This clause means the person has already been indicted or subject to a bill of information when the motion to dismiss for a speedy trial violation is made. In this case, a felony of the fifth degree is currently pending against the defendant Azbell. Subsection (C)(2) requires that she "be brought to trial within two hundred seventy days after [her] arrest." It simply says "arrest"; it does not say "arrest after indictment," or "arrest after a warrant is issued." Azbell was arrested on May 30, 2003. She was taken to the police station, given *Miranda* warnings,

photographed, and fingerprinted. That is an arrest. Her freedom was curtailed. The plain language of the statute required that she be brought to trial no later than February 25, 2004. Our precedent also supports this conclusion.

{¶ 35} First, it is important to distinguish previous speedy-trial jurisprudence. Case-law precedent usually resolves an issue relating to the time period between the indictment and trial. Generally, preindictment delay has not been found to be a violation of the speedy-trial guarantee. *State v. Luck* (1984), 15 Ohio St.3d 150, 15 OBR 296, 472 N.E.2d 1097. Under traditional analysis, the statute of limitations and the Due Process Clause protect criminal defendants from delay between the alleged criminal incident and indictment, and the speedy-trial provisions protect the criminal defendant from delay between indictment and trial. *United States v. Lovasco* (1977), 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752, quoting *United States v. Ewell* (1966), 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627, and *United States v. Marion* (1971), 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 ("We * * * note that statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide ' "the primary guarantee against bringing overly stale criminal charges." ' * * * But we * * * acknowledge that the 'statute of limitations does not fully define [defendants'] rights with respect to the events occurring prior to indictment,' * * * and that the Due Process Clause has a limited role to play in protecting against oppressive delay"); *State v. Bartnes* (1988), 234 Mont. 522, 525, 764 P.2d 1271.

{¶ 36} However, on at least one occasion, this court has looked at preindictment delay under a speedy-trial analysis. We have previously adopted the language of the North Carolina Supreme Court:

{¶ 37} " 'The situation of one against whom a warrant has been issued but not served and that of "the potential defendant"—the suspect who has not been formally charged—is practically the same. * * *

{¶ 38} " ' * * *

{¶ 39} " 'We can see little, if any, difference in the dilemma which unreasonable delay creates for the suspect who was belatedly charged, the accused named in a warrant promptly issued but belatedly served, and the indicted defendant whose trial has been unduly postponed. The same considerations which impel prompt action in the one situation are equally critical in the others.' " *State v. Meeker* (1971) 26 Ohio St.2d 9, 16, 55 O.O.2d 5, 268 N.E.2d 589, quoting *State v. Johnson* (1969), 275 N.C. 264, 271–272, 167 S.E.2d 274.

{¶ 40} And we held, "Considering the basic purposes of the constitutional right to a 'speedy trial,' we conclude that such constitutional guarantees are applicable to unjustifiable delays in commencing prosecution as well as to unjustifiable delays after indictment." Id. at 16–17, 55 O.O.2d 5, 268 N.E.2d 589.

{¶ 41} More convincingly, in *Dillingham v. United States* (1975), 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205, there was a 22–month delay from arrest until indictment. While Dillingham, unlike Azbell, was required to post bond prior to his release, *United States v. Palmer* (C.A.5, 1974), 502 F.2d 1233, 1234 (same case), he was not indicted until 22 months after his initial arrest. The court held that *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, which had denied Sixth Amendment protections to preindictment delays, had been limited to "count[ing] a delay between the end of the criminal scheme charged and the indictment of a suspect not arrested or otherwise charged previous to the indictment." *Dillingham* at 64, 96 S.Ct. 303, 46 L.Ed.2d 205. In extending the speedy-trial guarantee to the period after an arrest, the court held:

{¶ 42} " 'To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

{¶ 43} " 'Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge.' " Id. at 65, 96 S.Ct. 303, 46 L.Ed.2d 205, quoting *Marion*, 404 U.S. at 320–321, 92 S.Ct. 455, 30 L.Ed.2d 468.

{¶ 44} When the police and prosecutor have all the necessary evidence to obtain an indictment or warrant, they should not be allowed to delay prosecution. I am not suggesting that the state be rushed into seeking an indictment before all possible evidence has been obtained. However, in the case at bar, Azbell was arrested while allegedly attempting to purchase a controlled substance with a fraudulent prescription, and she was later indicted for that offense. The state had in its possession all the evidence it needed to go forward at the time of her arrest. The state has presented no evidence, and there is nothing in the record to suggest, that the 11–month delay between arrest and indictment was based upon a lengthy and diligent search for additional evidence. When all evidence is in the hands of the police, the state must move forward. See *People v. Hryciuk* (1967), 36 Ill.2d 500, 224 N.E.2d 250; see, also, *People v. Hartman* (1985), 170 Cal.App.3d 572, 216 Cal.Rptr. 641.

{¶ 45} For 11 months, Azbell lived under the threat of indictment, wondering whether the state was intending to prosecute her or whether her case had been dropped. Azbell was under no obligation to pressure the state to press charges, nor was she in a position to demand that the state move forward with its prosecution. See *Meeker*, 26 Ohio St.2d at 18, 55 O.O.2d 5, 268 N.E.2d 589; *Johnson*, 275 N.C. at 272, 167 S.E.2d 274.

{¶ 46} I am not suggesting that every preindictment delay warrants analysis under the speedy-trial provisions of the United States and Ohio Constitutions. Rather, in cases such as this where the statute is arguably unclear, or open to different interpretations, our speedy-trial jurisprudence suggests that we should read the statute to benefit the defendant.

{¶ 47} I read the plain words of the statute to say that a person accused of a felony must be brought to trial within 270 days of her arrest. Azbell was arrested on May 30, 2003; that the state took 11 months to gain an indictment is not her fault.

{¶ 48} For the foregoing reasons, I respectfully dissent and would affirm the judgment of the court of appeals.

PFEIFER and LANZINGER, JJ., concur in the foregoing opinion.

---

James J. Mayer Jr., Richland County Prosecuting Attorney, and Kirsten L. Pscholka–Gartner, Assistant Prosecuting Attorney, for appellant.

David H. Bodiker, Ohio Public Defender, and J. Banning Jasiunas, Assistant State Public Defender, for appellee.