DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} James Papesh was arrested on August 31, 2006, on suspicion of driving under the influence of alcohol or drugs and failure to control his vehicle, both misdemeanors of the first degree, and his driver's license was suspended. Ninety days later, Mr. Papesh was served with a citation for the offenses. Mr. Papesh moved the trial court to dismiss the charges, arguing that he had not been tried within ninety days, as required by Section 2945.71 of the Ohio Revised Code. The trial court granted his motion, and the State of Ohio has appealed. The State has argued on appeal that the speedy trial statute did not begin to run in this *Page 2 
case when Mr. Papesh was arrested, but when he was charged. This Court reverses the decision of the trial court to dismiss the charges and remands this case to the trial court because, if Mr. Papesh was arrested and immediately released without bail or recognizance, the speedy trial timeline did not begin to run on the date of his arrest.
 SPEEDY TRIAL {¶ 2} A person charged with a first-degree misdemeanor must be brought to trial within ninety days after the person's arrest or service of summons. R.C. 2945.71(B)(2). When the individual is arrested and released without bail or recognizance, however, the speedy trial timeline does not begin to run until the accused has been formally charged. State v. Azbell, 112 Ohio St. 3d 300, 2006-Ohio-6552, at ¶20-21 (interpreting the meaning of the word arrest for purposes of Section 2945.71(C)).
 {¶ 3} Mr. Papesh moved to dismiss the charges against him on December 12, 2006. On December 20, 2006, the Supreme Court of Ohio released its opinion in Azbell, clarifying the limited category of cases to which an exception to the plain language of Section 2945.71(B)(2) of the Ohio Revised Code may apply. The trial court's decision, dated January 18, 2007, however, does not appear to address the Azbell decision. Accordingly, the State's assignment of error is sustained, and this case is remanded to the trial court for further proceedings consistent withAzbell and with this opinion. *Page 3 
 CONCLUSION {¶ 4} The State's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellee. *Page 4 
 SLABY, P. J. MOORE, J. CONCUR *Page 1