[Cite as *State v. Schraishuhn*, 2011-Ohio-3805.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00135 |
| JASON SCHRAISHUHN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal appeal from the Licking County
                                                           Court of Common Pleas, Case No.
                                                           09CR541

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT ENTRY:          July 28, 2011

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

EARL L. FROST                                  ANDREW SANDERSON
Assistant Prosecuting Attorney           21 West Church Street
20 S. Second St., 4th Floor                 Suite 201
Newark, OH 43055                              Newark, OH 43055

*Gwin, P.J.*

{¶1} Defendant-appellant Jason Schraishuhn appeals from his convictions and sentences in the Licking County Court of Common Pleas on one count of Possession of Heroin, a felony of the fifth degree in violation of R.C. 2925.11(A), Possession of Drugs, a misdemeanor of the second degree in violation of R.C. 2925.11(A), and Possession of marijuana a minor misdemeanor in violation of R.C. 2925.11(A). Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On April 30, 2009 appellant was arrested after officer's observed him attempting to hide a bag of white pills during a traffic stop. (Bill of Particulars, filed February 26, 2010; Sent. T. at 14). Appellant voluntarily provided a urine sample at the officer's request. (Id.) Subsequent testing of the pills confirmed that they were Vicodin, a Schedule III Controlled Substance. The appellant's urine tested positive for marijuana and heroin, both Schedule I Controlled Substances.

{¶3} On October 30, 2009 appellant was indicted for one count of Possession of Heroin, a felony of the fifth degree in violation of R.C. 2925.11(A), Possession of Drugs, a misdemeanor of the first degree in violation of R.C. 2925.11(A), and Possession of marijuana a minor misdemeanor in violation of R.C. 2925.11(A).

{¶4} On November 10, 2009, a warrant for the arrest of appellant was issued by the trial court. On February 23, 2010, appellant appeared before the trial court and entered a plea of Not Guilty to each of the charges.

{¶5} On May 6, 2010 appellant filed a motion to dismiss contending that the charges all relate back to April 30, 2009 and therefore the charges set forth in the

indictment issued October 30, 2009 should have been tried within 270 days from the date of his arrest on April 30, 2009 as required by R.C. 2945.71(2). On May 10, 2010, an oral hearing was held on appellant's motion to dismiss. The trial court denied appellant's motion by judgment entry filed May 11, 2010.

{¶6} On July 16, 2010, appellant appeared before the trial court. The State amended Count 2 of the Indictment the possession of Vicodin to a misdemeanor of the second degree.[1] Thereafter, appellant entered pleas of No Contest to each of the charges.

{¶7} After receiving a pre-sentence investigation report, the trial court sentenced appellant to twelve months on Count 1. Appellant was further sentenced to a term of ninety days on Count 2 to be run concurrent with Count 1. Appellant was notified concerning post-release control. Finally, appellant's driver's license was suspended for six months.

{¶8} It is from the May 11, 2010 judgment entry denying his motion to dismiss and the July 16, 2010 sentencing entry that appellant has appealed raising two assignments of error:

{¶9} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE MOTION TO DISMISS FILED BY THE DEFENDANT-APPELLANT HEREIN.

{¶10} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO THE MAXIMUM SENTENCE HEREIN."

---

[1] This amendment was made to reflect the fact that the Bill of Particulars listed Count 2 as a misdemeanor of the second degree in spite of the fact that the Indictment listed the offense as a misdemeanor of the first degree. (Sent. T. July 16, 2010 at 8-9).

I.

{¶11} In his First Assignment of Error, appellant contends the trial court erred and violated his statutory and constitutional rights by denying his speedy trial motion to dismiss filed May 6, 2010.  We disagree.

{¶12} A person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(2). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). "[S]uch discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D).

{¶13} A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin,* Richland App. No.2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id.

{¶14} When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. In *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709, the court reiterated its prior admonition "to strictly construe the speedy trial statutes against the state."

{¶15} The Ohio Supreme Court has recently held, "a charge is not pending for purposes of calculating speedy-trial time pursuant to R.C. 2945.71 until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of

charges, or is released on bail or recognizance." *State v. Azbell,* 112 Ohio St. 3d 300, 2006-Ohio-6552, 859 N.E. 2d 532, at ¶ 1.

{¶16} In *Azbell*, the Court noted, "In this case, although Azbell was arrested in May 2003, she was not 'held to answer' because she was immediately released after being photographed and fingerprinted at the police station. At the time of her arrest, she was not charged with any offense. Thus, she was never subject to 'actual restraints imposed by arrest and holding to answer a criminal charge.' [*United States v.]Marion,* 404 U.S. at 320, 92 S.Ct. 455, 30 L.Ed.2d 468. Her liberty was not in jeopardy, one of the overriding concerns of speedy-trial violations. See *United States v. Loud Hawk* (1986), 474 U.S. 302, 310-312, 106 S.Ct. 648, 88 L.Ed.2d 640. Because no charge was outstanding and she was not held pending the filing of charges or released on bail or recognizance, Azbell did not become a 'person against whom a charge of felony is pending' until she was arrested on the indictment in April 16, 2004.

{¶17} "Therefore, we hold that for purposes of calculating speedy-trial time pursuant to R.C. 2945.71I, a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance." Id. at ¶ 21-22.

{¶18} In the case at bar, appellant acknowledged that he never appeared in court or posted a bond as a result of his contact with law enforcement on April 30, 2009. (T. May 10, 2010 at 9-10). Appellant was not photographed, fingerprinted nor placed into a holding cell. (Id. at 9). Appellant conceded that the total time he spent with law enforcement that day from start to finish was approximately two hours (Id. at 10).

**{¶19}** Accordingly, because no charge was outstanding and he was not held pending the filing of new charges or released on bail or recognizance while awaiting the filing of charges appellant did not become a "person against whom a charge of felony is pending" until he was arrested on the indictment February 13, 2010. *Azbell,* supra at ¶ 20.

**{¶20}** Appellant entered his plea on July 16, 2010. Accordingly, 154 days had elapsed for speedy trial purposes[2]. Because appellant was held in custody from February 13, 2010 we apply the triple-count provisions of R.C. 2945.71(E). Accordingly, the last date for trial would have been May 14, 2010.

**{¶21}** However, the record in the case at bar reveals that by Judgment Entry filed April 29, 2010, the trial court scheduled appellant's jury trial for May 10, 2010. On May 6, 2010 appellant filed his motion to dismiss. Also on that date appellant filed "Defendant's Motion to Cancel Jury Trial and Set for Further Hearing." In that pleading appellant admitted that the ruling on his motion to dismiss would result in either a dismissal of the indictment if successful or a plea to the indictment if not successful.

**{¶22}** In this case appellant's May 6, 2010 motion specifically requested that the trial court cancel his jury trial. At the time that request was made, appellant's jury trial was scheduled to commence on May 10, 2010 which was within the statutorily mandated time period. Thus, it was appellant's own actions that prevented his case from commencing on or before May 14, 2010.

**{¶23}** Accordingly, we find that appellant's right to a speedy trial pursuant to R.C. 2945.71 was not violated.

---

[2] Appellant admitted he was arrested upon the warrant on February 13, 2010. (T. May 10, 2010 at 10).

**{¶24}** Appellant, however, has further argued his constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, and, although not specifically cited in his brief, we believe appellant to be arguing further that his right to due process under the Fifth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution have been abrogated by the delay between his initial arrest and eventual indictment.

**{¶25}** The Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." This provision is applicable to state courts through the Fourteenth Amendment. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. The Ohio Constitution provides similar protection.

**{¶26}** "Section 10, Article I of the Ohio Constitution guarantees to the party accused in any court 'a speedy public trial by an impartial jury.' 'Throughout the long history of litigation involving application of the speedy trial statutes, this court has repeatedly announced that the trial courts are to strictly enforce the legislative mandates evident in these statutes. This court's announced position of strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial.' "(Citations omitted.). *State v. Pachay* (1980), 64 Ohio St.2d 218, 221, 416 N.E.2d 589, 591.

**{¶27}** In *State v. Meeker* (1971), 26 Ohio St.2d 9, 268 N.E.2d 589, paragraph three of the syllabus, the Ohio Supreme Court held that "[t]he constitutional guarantees of a speedy trial are applicable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment." Subsequent to the Ohio Supreme

Court's decision in *Meeker,* the United States Supreme Court ruled that the speedy trial guarantee under the Sixth Amendment has no applicability to pre-indictment delays. *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468. In light of the *Marion* decision and its progeny, the Ohio Supreme Court held in *State v. Luck* (1984), 15 Ohio St.3d 150, 153, 472 N.E.2d 1097, that the Court's "holding in *Meeker* is viable only insofar as its application is limited to cases that are factually similar to it."

{¶28} In *State v. Selvage* (1997), 80 Ohio St.3d 465, 687 N.E.2d 433, 1997-Ohio-287, the Ohio Supreme Court revisited the issue of whether an individual's constitutional right to a speedy trial has been violated by a delay in prosecution. In *Selvage,* the Ohio Supreme Court reaffirmed its holding in *Meeker,* and noted that the speedy trial guarantee does not apply prior to indictment when the defendant has not been the subject of "official accusation." Id*.* at 466, 687 N.E.2d 433.

{¶29} If a defendant is the subject of official accusation prior to indictment, the four-part test applicable to alleged constitutional speedy trial violations set forth in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 governs. *State v. Flickinger* (Jan. 19, 1999), Athens App. No. 98 CA 09 at n. 1. When the defendant is not the subject of official accusation, however, a delay in commencing prosecution does not implicate the defendant's constitutional speedy trial rights. *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; *State v. Luck* (1984), 15 Ohio St.3d 150, 153, 472 N.E.2d 1097, 1102.

{¶30} The Ohio Supreme Court has espoused a similar view, "in *State v. Broughton* (1991), 62 Ohio St.3d 253, 581 N.E.2d 541, we considered a case in which a defendant was indicted on November 17, 1988, the indictment was dismissed as

defective on July 18, 1989, and the defendant was later indicted on October 18, 1989. Id. at 254, 581 N.E.2d 541. This court held, 'For purposes of computing how much time has run against the state under R.C. 2945.71 *et seq.,* the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted *unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I).' Id.,* paragraph one of the syllabus." *State v. Azbell* (2006), 112 Ohio St.3d 300, 859 N.E.2d 532, 2006-Ohio-6552 at ¶ 17. (Emphasis added).

**{¶31}** When a defendant asserts a pre-indictment delay violating his due process rights, prejudice may not be presumed. *United States v. Crouch* (C.A.5, 1996), 84 F.3d 1497, 1514-1515. The notion that prejudice may be presumed from a lengthy delay arises in the context of the four-part balancing test used in determining whether a post-indictment or post-accusation delay has deprived a defendant of his Sixth Amendment right to a speedy trial. *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. The *Barker* four-part test, and the concept of presumptive prejudice, applies only to post-indictment or post-accusation delays that implicate the Sixth Amendment right to a speedy trial, and has no application to pre-indictment delays. *See, State v. Metz* (1998), Washington App. No. 96CA48, (Citation omitted); *State v. Harrell* (Dec. 29, 1998), Delaware App. No. 98CAA06029.

**{¶32}** The Ohio Supreme Court held that a delay in the commencement of prosecution by the state would be found unjustified when it is done in an attempt to gain a tactical advantage over the defendant, or when the state "through negligence or error in judgment, effectively ceases the active investigation of a case, but later decides to

commence prosecution upon the same evidence that was available to it at the time that its active investigation was ceased." *Luck,* 15 Ohio St.3d at 158, 472 N.E.2d 1097. The Court also held that the length of delay would normally be a key factor in this determination. Id.

**{¶33}** In the case at bar, appellant has failed to demonstrate how the delay has prejudiced him in the preparation of his case. Because appellant has not provided the Court with a sufficient explanation of how his defense has been affected negatively by the pre-indictment delay, the Court cannot find that appellant suffered substantial prejudice.

**{¶34}** As the court stated in *State v. Glasper* (Feb. 2, 1997), Montgomery App. No. 15740, "The defendant will not satisfy his or her burden of proof by merely generally alleging the possible prejudice inherent in any delay, for example, that memories have faded, witnesses may be inaccessible, and evidence may be lost. The defendant must identify the specific prejudice suffered, and that prejudice must be substantial, for instance, that important taped witness interviews were destroyed or that key witnesses have died." In *State v. Flickinger,* supra the court noted, "a defendant must provide concrete proof that he will suffer actual prejudice at trial as a result of the government's delay in indicting the defendant. See, e.g., *Crouch,* 84 F.3d at 1515 (stating that vague assertions of faded memories are insufficient to establish actual prejudice; the defendant must state which witness is unable to fully recount the details of the crime and how the witness' lapsed memory will prejudice the defense); *United States v. Beszborn* (C.A.5, 1994) 21 F.3d 62, 67, certiorari denied *sub nom, Westmoreland v. United States,* 513 U.S. 934, 115 S.Ct. 330, 130 L.Ed.2d 288 (stating that vague

assertions of faded memories are insufficient to establish actual prejudice); *United States v. Stierwalt* (C.A.8, 1994), 16 F.3d 282, 285 (stating that assertions of faded memories are insufficient to establish actual prejudice when the defendant fails to specify how witness' lapsed memory will harm his defense); *United States v. Harrison* (S.D.N.Y.1991), 764 F.Supp. 29, 32 (stating that assertion of faded memories is insufficient to establish actual prejudice); *United States v. Greer* (D.Vt.1997), 956 F.Supp. 525, 528 (stating that a defendant must present concrete proof of actual prejudice and not mere speculation of actual prejudice)". *State v. Flickinger* (Jan. 19, 1999), Athens App. No. 98 CA 09A.

{¶35} We find, therefore, that appellant has failed to establish that the delay in bringing the indictment caused him actual prejudice.

{¶36} For the forgoing reasons, appellant's First Assignment of Error is overruled.

II.

{¶37} Appellant's Second Assignment of Error relates to the propriety of the trial court's sentencing appellant upon his no contest plea to twelve months for Possession of Heroin, a felony of the fifth degree. Specifically, appellant challenges the imposition of the maximum sentence on the basis that the sentences were unduly harsh and not commensurate with his conduct. He further contends that the trial court failed to set forth its reasons for imposing the maximum sentence. We disagree.

{¶38} At the outset, we note there is no constitutional right to an appellate review of a criminal sentence. *Moffitt v. Ross* (1974), 417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444; *McKane v. Durston* (1894), 152 U.S. 684, 687, 14 S. Ct. 913. 917; *State v. Smith*

(1997), 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668; *State v. Firouzmandi*, 5th Dist No. 2006-CA-41, 2006-Ohio-5823. An individual has no substantive right to a particular sentence within the range authorized by statute. *Gardner v. Florida* (1977), 430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205; *State v. Goggans*, Delaware App. No. 2006-CA-07-0051, 2007-Ohio-1433 at ¶ 28. In other words "[t]he sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction…It is not the duration or severity of this sentence that renders it constitutionally invalid…." *Townsend v. Burke* (1948), 334 U.S. 736, 741, 68 S.Ct. 1252, 1255.

**{¶39}** In a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." Id.

**{¶40}** As a plurality opinion, *Kalish* is of limited precedential value. See *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (characterizing prior case as "of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of this court in order to constitute controlling law"). See, *State v. Franklin* (2009), 182 Ohio App.3d 410, 912 N.E.2d 1197, 2009-Ohio-2664 at ¶ 8. "Whether Kalish actually clarifies the issue is open to debate. The opinion carries no syllabus and only three justices concurred in the decision. A

fourth concurred in judgment only and three justices dissented." *State v. Ross,* 4th Dist. No. 08CA872, 2009-Ohio-877, at FN 2; *State v. Welch*, Washington App. No. 08CA29, 2009-Ohio-2655 at ¶ 6.

**{¶41}** Nevertheless, until the Supreme Court of Ohio provides further guidance on the issue, we will continue to apply *Kalish* to appeals involving felony sentencing. *State v. Welch*, supra; *State v. Reed*, Cuyahoga App. No. 91767, 2009-Ohio-2264 at n. 2; *State v. Ringler,* Ashland App. No. 09-COA-008, 2009-Ohio-6280 at ¶ 20.

**{¶42}** In the first step of our analysis, we review whether the sentence is contrary to law. In the case at bar, appellant was convicted of one felony of the fifth degree. Upon conviction for a felony of the fifth degree, the potential sentence that the trial court can impose is six, seven, eight, nine, ten, eleven or twelve months. R.C. 2929.14(A) (5).  In the case at bar, appellant was sentenced to twelve months.

**{¶43}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentences were within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post release control. Therefore, the sentence is not clearly and convincingly contrary to law.

**{¶44}** Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi,* supra at ¶ 40.

**{¶45}** In *Kalish,* the court discussed the affect of the *Foster* decision on felony sentencing. The court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, citing *Foster* at ¶100, See also, *State v. Payne*, 114 Ohio St. 3d 502, 2007-Ohio-4642, 873 N.E. 2d 306; *State v. Firouzmandi*, Licking App. No. 2006-CA-41, 2006-Ohio-5823.

**{¶46}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, see also *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi,* supra at ¶ 29.

**{¶47}** Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter,* 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong,* 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶48}** There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick* (1995), 101 Ohio App.3d 428, 431; *State v. Gant,* Mahoning App. No. 04 MA 252, 2006-Ohio-1469, at ¶ 60 (nothing in R.C.

2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus* (1992), 63 Ohio St.3d 164, 166; *State v. Hughes,* Wood App. No. WD-05-024, 2005-Ohio-6405, at ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342 at ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶49}** Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. *State v. Middleton* (Jan. 15, 1987), 8th Dist. No. 51545. In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi,* 5th Dist No. 2006-CA41, 2006-Ohio-5823 at ¶ 52.

**{¶50}** Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy* (1978), 57 Ohio App.2d 153, 385 N.E.2d 1342. An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States* (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley,* supra at 143-145. Where the severity of the sentence shocks the

judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate courts can reverse the sentence. *Woosley,* supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi,* supra.

**{¶51}** In the case at bar, the court had the benefit of a pre-sentence investigation report. We also note that we do not know the specific contents of the pre-sentence investigation report as appellant did not make them a part of the record. In *State v. Untied* (March 5, 1998), Muskingum App. No. CT97-0018, we addressed the issue of failure to include the pre-sentence investigation report and stated:

**{¶52}** "Appellate review contemplates that the entire record be presented. App. R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 400 N.E. 2d 384. The pre-sentence investigation report could have been submitted "under seal" for our review.

**{¶53}** "Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence, or 'contrary to law'." Id. at 7. See also, *State v. Mills* (September 25, 2003), 5th Dist. No. 03-COA-001 at paragraph, 13-15.

**{¶54}** There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight

to any pertinent factor. We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

**{¶55}** Accordingly, we herein reject appellant's claim that the trial court was required to make pre-*Foster* findings in sentencing appellant.

**{¶56}** Appellant's Second Assignment of Error is overruled.

**{¶57}** For the forgoing reasons, the judgment of the Licking County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

WSG:clw 0629

[Cite as *State v. Schraishuhn*, 2011-Ohio-3805.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                     :

                   Plaintiff-Appellee    :

-vs-                         :         JUDGMENT ENTRY

JASON SCHRAISHUHN      :

           Defendant-Appellant  :        CASE NO. 2010-CA-00135

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS